■ STEINBERG BROS. INCORPORATED, Respondent, v. CITIZENS CASUALTY COMPANY OF NEW YORK, Appellant.— Order, entered on September 12, 1963, denying defendant's motion for summary judgment pursuant to rules 113 and 114 of the Rules of Civil Practice and section 476 of the Civil Practice Act and granting plaintiff's cross motion for summary judgment unanimously modified, on the law, to the extent of denying the cross motion, the judgment thereon vacated, and the order is otherwise affirmed as thus modified, without costs to either party. The order, entered December 2, 1963, denying defendant's motion for reargument is dismissed, without costs to either party. The applicable policy indorsement covering assured's property on the premises of processors is ambiguous and, consequently, on the submissions its legal effect may not now be determined. While the indorsement purports to cover all of assured's property on the premises of processors, the formula for determining the recoverable loss makes allowance only for " unperformed labor & unincurred charges ". There is no explicit reference to component materials, raw or processed, which must be physically incorporated to produce the finished product, the selling price of which is supposed to be the reasonable measure of the loss. Moreover, the valuation clause, which contains the formula, would seem, arguably, to relate to goods in process as distinguished from raw materials thus far untouched by the processor. The difficulty is, then, further compounded by the fact that the baled jute was in the hands of the processor not to be made into moccasins, but only to be laminated with other materials in but one stage of the process of manufacture. This, of course, would raise an apparent contradiction of the opening clause of the indorsement which encompasses all of, but also only, the assured's property on the premises of the

processors. It is evident, therefore, that the indorsement, while purporting to give the assured some sort of gross profit insurance (see, e.g., 5 Appleman, Insurance Law and Practice, § 3121), is unclear and contaminated with critical contradictions. The ambiguity requires clarification by proof upon a trial as to the meaning and effect of the language, and, perhaps, the intention of the parties. Or, the situation may be such as to require the more drastic judicial remedy of reformation, but on the present record, the court may not pass on this need or its availability to either of the parties. The stipulation of so-called agreed facts supplies no solution to the problems discussed, nor does it prevent any. Its presence or absence is immaterial to the solution of the mixed questions of law and fact involved in the interpretation of the indorsement and the policy. On the other hand, it is still useful to eliminate proof of the underlying facts to which the indorsement should be applied, once its meaning and effect are determined. For these reasons, the insurance company is not entitled to any relief with respect to the stipulation. Moreover, there is no showing of unfairness or overreaching which would warrant the court in setting aside the stipulation made by the parties through their attorneys.— Appeal from order entered on December 2, 1963 unanimously dismissed, without costs to either party. Concur — Botein, P. J., Breitel, Rabin, McNally and Eager, JJ.