## (April 26, 1966)

■ AMERICAN SURETY COMPANY OF NEW YORK, Appellant, v. NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, Respondent.— Order, entered February 11, 1965, unanimously modified, on the law, with costs and disbursements to abide the event, to delete the provisions thereof granting defendant's motion for summary judgment and directing entry thereof, and said motion denied; and judgment, pursuant to such order, dismissing plaintiff's complaint, unanimously reversed and vacated, on the law, with costs and disbursements to abide the event. The record here does not justify a matter of law holding that the damage to the electrical equipment and material of Broadway Maintenance Corporation (Broadway) is excluded from coverage under the policy of insurance issued by the defendant. The damage was occasioned by the flooded conditions of the street and of an underground pit and passageways due to an unusually heavy rainstorm and such damage would be embraced within the extended coverage of defendant's policy unless it is expressly excluded from coverage as "loss or damage caused by flood". In this connection, the policy expressly provides: "9. PERILS EXCLUDED. This policy does not insure against: * * * h. Loss or damage caused by flood except while the insured property is in transit. Flood shall include waves, tides or tidal water and the rising (including overflowing or breaking of boundaries) of lakes, ponds, reservoirs, rivers, harbors, streams and similar bodies of water, whether driven by wind or not". The burden is placed upon the defendant to establish that the instant property damage is embraced by such exclusionary clause. "To sustain the construction of an exclusion provision in a policy as urged by the insurer, the insurer has the burden of establishing that the words and expressions used not only are susceptible of that construction, but that it is the only construction which can be fairly placed thereon." (29 N. Y. Jur., Insurance, § 623, p. 616.) Any ambiguity in the exclusionary clause is to be resolved against the insurer and in favor of the insured. (Sincoff v. Liberty Mut. Fire Ins. Co., 11 N Y 2d 386, 390; Shneiderman v. Metropolitan Cas. Co., 14 A D 2d 284, 289.) Where, however, ambiguous words are to be construed in the light of extrinsic evidence or the surrounding circumstances, the meaning of such words may become a question of fact for the jury. (29 N. Y. Jur., Insurance, § 593, p. 580; see, also, 46 C. J. S., Insurance, § 1368; Lachs v. Fidelity & Cas. Co. of N. Y., 306 N. Y. 357; 17A C. J. S., Contracts, § 621, p. 1259.) Accordingly here, where, in light of the circumstances, there exists an uncertainty as to the meaning and scope of the term "flood" as used in the exclusionary clause, the defendant was not entitled to have the issue resolved in its favor as a matter of law. Finally, the inadequacy of the record and of the briefing precludes a determination of the validity of certain defenses presented by defendant. We are unable to determine whether Broadway was directly insured as a named insured under defendant's policy.

The memorandum of insurance furnished to the court by the plaintiff, names Broadway as an insured but such memorandum specifically states that "it is not a contract of insurance, but attests that a policy * * * has been issued"; and the documents produced by defendant indicate that its policy was issued solely to Triborough Bridge & Tunnel Authority as an assured with a loss payable clause in favor of such Authority as trustee for contractors and subcontractors (including Broadway). Furthermore, whether defendant's policy constitutes primary or concurrent insurance covering the loss or damage may depend upon many factors, including provisions of contracts and subcontracts not fully set forth in the record; and, under the circumstances here, is not necessarily to be determined solely by a consideration of the terms of the two policies allegedly covering the loss or damage. Settle order on notice. Concur — Breitel, J. P., McNally, Stevens and Eager, JJ.