146 N.J. Super. 484 (1977)
370 A.2d 61
JAMES M. FLYNN, PLAINTIFF-RESPONDENT,
v.
HARTFORD FIRE INSURANCE COMPANY, DEFENDANT-APPELLANT. JAMES GRIECO, PLAINTIFF-RESPONDENT,
v.
HARTFORD FIRE INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 11, 1977.
Decided February 3, 1977.
*485 Before Judges LORA, CRANE and MICHELS.
Mr. John P. Markey argued the cause for appellant Hartford Fire Insurance Company (Messrs. Markey, Witham & Amabile, attorneys).
Mr. William N. Dimin argued the cause for respondent James M. Flynn (Messrs. Walsh, Sciuto & Dimin, attorneys).
Mr. Steven J. Stillman argued the cause for respondent James Grieco (Messrs. Lucianna, Bierman & Stillman, attorneys).
The opinion of the court was delivered by MICHELS, J.A.D.
Defendant Hartford Fire Insurance Company (Hartford) appeals from a judgment of the Law Division declaring that its liability policy of insurance issued to the Borough of Englewood Cliffs (borough) provided coverage to plaintiffs James M. Flynn and James Grieco, police *486 officers employed by the borough, with respect to a wrongful death claim made against them and the borough.
The facts are not in dispute. Police officers Flynn and Grieco, while responding to an emergency call at the home of Mr. and Mrs. Delchop in Englewood Cliffs, were confronted by Delchop. Delchop, who was armed, raised his gun and allegedly stated that he would kill the two officers. The officers thereupon shot and killed Delchop.
Subsequently a wrongful death action was instituted against the borough and both plaintiffs by Mrs. Delchop as executrix of her husband's estate. She charged in the complaint that plaintiffs were negligent in the performance of their duties as police officers when they shot and killed her husband. Hartford assumed the defense of the action on behalf of the borough but refused to defend plaintiffs, contending that they were not covered by the liability policy of insurance issued to the borough. Plaintiffs thereupon instituted these actions seeking a declaration that the Hartford policy provided coverage for the claim against them and that Hartford was obligated to defend and indemnify them with respect thereto. Plaintiffs claim that although the Hartford policy designated only the borough as the named insured, the intent of the parties was to cover all employees of the borough individually as well. They argue that such intent can be gleaned from a description of the hazards set forth in the General Schedule  Section II of the Liability Insurance Form and Comprehensive General Liability Endorsement attached to and forming a part of the policy. This endorsement contained a description of hazards and location of premises and operations covered by the policy and included[1]
*487
 Policemen, including premises
 and other operations
 medical.
On cross-motions for summary judgment, the Law Division agreed with plaintiffs and entered judgment in their favor against Hartford, declaring that Hartford was required to defend and indemnify plaintiffs with respect to the wrongful action instituted against them. Hartford appeals.
*488 Our function in construing a policy of insurance, as with any other contract, is to search broadly for the probable common intent of the parties in an effort to find a reasonable meaning in keeping with the expressed general purposes of the policy. See Fidelity Union Trust Co. v. Robert, 36 N.J. 561, 567 (1962); Tooker v. Hartford Acc. and Indem. Co., 128 N.J. Super. 217, 222-223 (App. Div. 1974); Ins. Co. of State of Penna. v. Palmieri, 81 N.J. Super. 170, 179 (App. Div. 1963), certif. den. 41 N.J. 389 (1964). However, when the policy of insurance is clear and unambiguous, it has long been the law of this State that the court is bound to enforce the policy as it is written. It is not the function of the court to make a better contract for the parties than they themselves have seen fit to enter into or to alter it for the benefit of one party and to the detriment of the other. Linden Motor Freight Co., Inc. v. Travelers Ins. Co., 40 N.J. 511, 525 (1963); James v. Federal Ins. Co., 5 N.J. 21, 24-25 (1950); Kupfersmith v. Delaware Ins. Co., 84 N.J.L. 271, 275 (E. & A. 1912); Am. Leg. Hosp. v. St. Paul Fire Ins. Co., 106 N.J. Super. 393, 397 (App. Div. 1969).
Applying these principles to the policy of insurance here under consideration, we are firmly convinced that the policy does not nor was it intended to provide coverage to the individual employees of the borough, such as plaintiffs policemen. The policy designated the borough as the only named insured and described the named insured as the municipality. In the circumstances, it is clear that the borough is the insured and not the individual employees of that borough. While we recognize that a municipal corporation, such as the borough, is merely a legal entity and can act only by and through its officers and employees, this does not mean that its officers and employees are a fortiori covered individually by the policy of insurance issued to the municipal corporation, where it is the only named insured. Cf. 3 Couch on Insurance, 2d, § 23:26 (Dec. 1976 Supp.); Shapiro v. Di Guillio, 95 Ill. App.2d 184, 237 N.E.2d 771, 775-776 *489 (App. Ct. 1968). See also, Malanga v. Manufacturers Cas. Ins. Co., 28 N.J. 220, 230 (1958).
Furthermore, we find no merit in plaintiffs' claims that the Comprehensive General Liability Insurance Endorsement created any ambiguity in the name or description of the insured or those intended to be covered by the policy. The Hartford policy provided two general types of coverage to the Borough: property coverage under Section I and liability coverage under Section II. Under the liability coverage Hartford agreed to pay on behalf of the borough all sums which the borough became legally obligated to pay as damages because of the death or injury to third persons arising out of the hazards covered by the policy. The hazards which Hartford agreed to cover for the borough are set forth in the policy and the various endorsements attached thereto. The Liability Insurance Form and Comprehensive General Liability Endorsement (Form MLB-16 (Ed. 10-66)) merely contained a description of the hazards and locations of the premises and operations for which coverage was afforded to the borough. This endorsement cannot fairly be read as providing coverage to policemen individually or any other group of employees enumerated therein.
Beyond this, no evidence was presented which showed or even suggested that there was an understanding or intent upon the part of Hartford as the insurer and the borough as the insured to provide liability insurance coverage to individual employees of the borough. Moreover, had the borough wanted to provide coverage to its employees individually it readily could have done so by paying an additional premium for the Personal Injury And Additional Insured (Employees) (Form L-3355-1) endorsement which was available to them when the policy was issued by Hartford. That endorsement would have amended the persons insured under the policy "to include as an insured any employee of the named insured while acting within the scope of his duties as such.... ."
*490 Finally, the holding of this court in Newark v. Hartford Acc. & Indem. Co., 134 N.J. Super. 537 (App. Div. 1975), relied upon by plaintiffs, does not compel a declaration of coverage. The policy in the Newark case is entirely different from the Hartford policy here under review. There the policy designated as "named assureds" the "City of Newark Police Department, City of Newark, Police Director of City of Newark, Mayor of the City of Newark, Arson Squad (17 members) of City of Newark and Judges and Clerk of Newark Municipal Courts." The policy also described as a named insured "(1) an individual, (2) a partnership or joint venture * * * and (3) any other `organization,' including any executive officer, director or stockholder thereof while acting within the scope of his duties as such." The Hartford policy issued to the borough here only designated the borough as the named insured and described the named insured as a municipality. Consequently the holding of the court in the Newark case that the individual police officers were named insureds and covered by the policy does not support plaintiffs' claims.
Accordingly, the judgment of the Law Division is reversed and judgment is entered herewith in favor of Hartford and against plaintiffs, declaring that plaintiffs are not named insureds in and are not covered by the policy of insurance issued to the borough, and that Hartford is not obligated to defend and indemnify them with respect to the wrongful death claim instituted against them by the executrix of the estate of Anthony Delchop.
NOTES
[1] The General Schedule  Section II endorsement (Form MLB-16 (Ed 10-66)), contained a Description of Hazards and Location under the rating classification of "(a) Premises  Operations," which included the following:
 A) SYLVAN AVE. & ANON ST
 ENGLEWOOD CLIFFS, N.J.
 BUILDINGS OR PREMISES OFFICE
 MEDICAL
 JOHNSON AVE ENGLEWOOD CLIFFS
 N.J.
 PARKS OR PLAY GROUNDS
 PLAYGROUND EQUIPMENT
 ERWING AVE ENGLEWOOD CLIFFS
 N.J.
 PARKS OR PLAYGROUNDS
 PLAYGROUND EQUIPMENT
 HUDSON AVE ENGLEWOOD CLIFFS
 N.J.
 PARKS OR PLAYGROUNDS
 PLAYGROUNDS EQUIPMENT
 STREETS STATE COUNTY OR
 TOWNSHIP, INCLUDING BRIDGES
 & CULVERTS EXCEPT TOLL BRIDGES
 AND DRAW BRIDGES
 POLICEMEN, INCLUDING PREMISES
 AND OTHER OPERATIONS
 MEDICAL
 FIREMEN
 MEDICAL
 STREETS OR ROAD PAVING OR
 REPAVING, SURFACING OR
 RESURFACING OR SCAPING
 MEDICAL
 MUNICIPAL, TOWNSHIP, COUNTY
 OR STATE EMPLOYEE
 MEDICAL