The NATIONAL STATE BANK,
ELIZABETH, N. J., Plaintiff,

v.

AMERICAN HOME ASSURANCE
CO., Defendant.

No. 79 Civ. 5796.

United States District Court,
S. D. New York.

June 26, 1980.

Mackenzie, Welt, Duane & Lechner, Elizabeth, N. J., for plaintiff.

Kreindler & Kreindler, New York City, for plaintiff class.

Otterbourg, Steindler, Houston & Rosen, P. C., New York City, for Chemical Bank.

Jackson & Nash, New York City, for defendant.

PIERCE, District Judge.

## MEMORANDUM OPINION AND ORDER

This is an action for declaratory judgment regarding an insurance policy issued by defendant American Home Assurance Co. ("American Home"). The parties have stipulated to all issues of material fact and have cross-moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### FACTS

Some time prior to April 1975, American Home issued an insurance policy to Reich, Weiner & Co., a certified public accounting firm, under which American Home insured Reich, Weiner against liability arising from the insured's professional services. The policy was effective for a one-year period commencing on April 21, 1975 and ending on April 21, 1976.

During the period that the policy was in effect, several civil actions were commenced against Reich, Weiner regarding its audits of the financial records of the Generics Corporation of America ("Generics"). Five of these actions were consolidated before this Court.[1] These consolidated actions shall hereinafter be referred to as the "Generics Litigation." The gravamen of the Generics Litigation is generally that Reich, Weiner reviewed and certified Generics' financial statements during the period 1971 through 1976 and negligently failed to report misstatements contained therein. The plaintiffs in the Generics Litigation included various shareholders who allegedly invested in Generics stocks based on Reich, Weiner's financial reports and two banks which extended loans to Generics allegedly based upon said financial reports. Plaintiff National State Bank, Elizabeth, N.J. was one of those banks.

After lengthy negotiations, the Generics Litigation was settled. See Final Order and Judgment entered on July 6, 1979. As part of the settlement of those actions, it

1. The actions which were consolidated are: *Egan v. Reich, Weiner & Co.*, 75 Civ. 6295; *Schwartz v. Generics Corporation of America*, 76 Civ. 2589; *Kranz v. Generics Corporation of America*, 76 Civ. 2950; *The National State Bank, Elizabeth, N. J. v. Reich, Weiner & Co.*, 77–132; and *Chemical Bank v. Elaine Zelin*, 5377/77.

was agreed by the parties therein that the sole remaining issue, regarding the insurance policy in dispute in the present action, would be resolved in the present action. It was further agreed by the parties that plaintiff herein, National State Bank, Elizabeth, N.J., along with other plaintiffs in the settled litigation would be assigned Reich, Weiner's rights under the insurance policy issued by American Home. See Assignment dated April 12, 1979.

On October 25, 1979, the present action was commenced. The sole issue before the Court is whether the individual assertions against Reich, Weiner by the plaintiffs in the Generics Litigation together constitute one "claim" under the insurance policy issued by American Home or separate distinct "claims" within the meaning of said policy. The resolution of this issue will establish the limits of American Home's liability to the plaintiffs in the Generics Litigation under the insurance policy in controversy.

*DISCUSSION*

Declaration number 5 of the Accountants Professional Liability Policy issued by American Home to Reich, Weiner provides that American Home's liability under the policy shall be "1,000,000 dollars each claim" and "2,000,000 dollars aggregate." Also, the "Limits of Liability" provision states:

"The limit of liability stated in Item 4 of the Declarations as applicable to 'each claim' is the limit of the Company's liability for all damages incurred on account of *any claim covered hereby.* The limit of liability stated in Item 5 of the Declarations as 'aggregate' is, subject to the above provisions respecting each claim, the total limit of the Company's liability for *all claims covered hereby and reported during the policy period* and any limited extension thereof as provided in Insuring Agreement VI. The inclusion herein of more than one insured shall not operate to increase the limit of the Company's liability." (Emphasis supplied.)

Defendant American Home does not deny liability under the insurance policy to the plaintiff as assignee of Reich, Weiner.

However, it contends that the term "each claim," as referred to in the above-quoted provisions of the policy, means a "demand made by the insured for protection under the Policy against liability arising from a given act or related course of professional services performed by it, alleged by others to have been improperly performed." Such a demand, defendant contends, necessarily subsumes all demands for damages made upon the insured which arise from the same, related or continuing professional services. See Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment and In Support of Defendant's Cross-Motion for Summary Judgment at pp. 2–3. The plaintiffs in the Generics Litigation asserted claims based on different financial reports and statements which were issued by Generics and verified by Reich, Weiner during the years 1971 through 1976. See Second Consolidated Amended Complaint at ¶ 9 in *Egan v. Reich, Weiner & Co.,* 75 Civ. 6295 and Verified Complaint at ¶ 24 in *Chemical Bank v. Zelin,* 5377/77. Although these individual claims were based on different financial reports for different years, American Home nevertheless contends that all such individual claims must be aggregated into a single "claim" under the insurance policy and that American Home is liable to the plaintiff herein—assignee of the insurance policy— only up to a limit of $1 million rather than up to the "aggregate" limit of $2 million set forth in Declaration number 5 of the policy.

*Choice of Law*

Neither party contends that the law of a particular state exclusively governs the interpretation of the words utilized in the insurance policy in controversy. Indeed, both parties refer to decisions of various courts, both state and federal, in support of their respective positions. However, it appears that only New York and New Jersey have had any significant contacts with the parties, the principal entities involved in the underlying accounting activities or the insurance policy in dispute. Plaintiff National State Bank is organized under the laws of New Jersey. Generics had its principal

place of business of New Jersey, and Reich, Weiner's audits of Generics' financial records took place in New Jersey. Reich, Weiner's principal place of business is apparently in New York. Also, defendant American Home, the insurer, is organized under New York law. Since the laws of New York and New Jersey are substantially similar with respect to the interpretation of contracts, the Court finds that the laws of both states are relevant to this action and shall look to the laws of both New Jersey and New York in resolving the present cross-motion for summary judgment.

*Interpretation of Contracts*

■ Although the words "claim" and "aggregate" are not defined in the policy, the Court finds that these words are not ambiguous within the context of the policy. Inasmuch as these terms are clear and unambiguous, they must be given their plain and ordinary meaning." *Government Employees Insurance Co. v. Kligler*, 42 N.Y.2d 863, 397 N.Y.S.2d 777, 366 N.E.2d 865 (1977); *Cooper v. Government Employees Insurance Co.*, 51 N.J. 86, 237 A.2d 870 (1968); *Wilkinson & Son, Inc. v. Providence Washington Insurance Co.*, 124 N.J.Super. 466, 307 A.2d 639 (1973). Accordingly, the policy must be enforced as written, and the Court is not free to modify its terms by judicial construction. *Flynn v. Hartford Fire Insurance Co.*, 146 N.J.Super. 484, 370 A.2d 61 (1977); *Government Employees Insurance Co. v. Kligler*, 42 N.Y.2d 863, 397 N.Y.S.2d 777, 366 N.E.2d 865 (1977).

A review of the insurance policy indicates that in those provisions of the policy which are not in dispute, the word "claim" consistently refers to an assertion of a legal right by a third-party against the insured, Reich, Weiner. For example, Declaration number 7 of the policy provides that "[n]o claim of which any principal or partner is aware has been made or is pending against [Reich, Weiner & Co.] . . . . No principal or partner has any knowledge of any occurrence which he believes is likely to give rise to a *claim* against [Reich, Weiner & Co.] . . . ." (Emphasis supplied). Similarly, the "Notice of Claim or Suit" provision of the policy states that "[i]f *claim* is made or suit is brought against the insured, the insured shall promptly forward to [American Home] every demand, notice, summons or other process received by him or his representative." (Emphasis supplied.) The clear contextual implication of these statements is that the word "claim" refers to an assertion of a legal right by a third-party against the insured.[2]

Nonetheless, defendant contends that the word "claim" in Declaration number 5 and the Limit of Liability provision of the policy refers to claims by the insured, Reich, Weiner, against American Home under the policy concerning all assertions of liability against Reich, Weiner which arise from American Home's continuous provision of professional services to Generics.

A further review of Declaration number 5 reveals that the reference therein to the words "each claim" and to the word "aggregate" are further clarified by the Limitation of Liability section quoted above at the beginning of this discussion and by other provisions of the policy. Whereas Declaration number 5 states "1,000,000 dollars each claim," the first sentence of the Limits of Liability section of the policy states that "[t]he limit of liability stated in Item [5] of the Declarations as applicable to 'each claim' is the limit of the Company's liability for all damages incurred on account of any claim covered hereby." Therefore, the $1 million limit set forth in Declaration number 5 refers to the limit of American Home's liability to Reich, Weiner regarding any "claim" which is covered by or which is within the scope of the insurance policy.

Under the section of the policy entitled "Insuring Agreement," the scope of the in-

---

**2.** The Court recognizes that although the word "claim" may have been used to mean the assertion of a right by a third-party in some sections of the policy, this does not preclude it from having a different meaning in other sections.

*See Burlington County Abstract Co. v. QMA Associates, Inc.*, 167 N.J.Super. 398, 400 A.2d 1211 (App.Div.1979), *cert. denied*, 81 N.J. 280, 405 A.2d 824 (1979).

surance policy is set forth. It states in pertinent part that the insurer will:

> "pay on behalf of the insured, all sums which the insured shall become legally obligated to pay for damages . . . as the result of *any claim or claims* caused or alleged to have been caused by the insured . . . in the performance of professional services for others in the insured's professional capacity as an accountant . . . ."

The plain and ordinary meaning of the word "claim," as referred to in this provision, is the assertion of a legal right by a third-party against the insured, Reich, Weiner, since the only instance in which American Home would pay any sum on behalf of Reich, Weiner with respect to the insurance policy is when a third-party right has been asserted against Reich, Weiner. Also, the only "claim" which Reich, Weiner could have "caused" or have been alleged to have caused are third-party claims rather than claims by Reich, Weiner against American Home.

Moreover, the second sentence of the Limitation of Liability clause states that the "limit of liability stated in Item 5 of the Declarations as 'aggregate' is, subject to the [limiting] provision respecting each claim, the total limit of the Company's liability for *all claims covered hereby and reported* during the policy period and any limited extension thereof . . . ." Again, the "claims" which are within the scope of the policy are set forth in the Insuring Agreements sections as discussed. Further, the only "claims" which the insured is required to report to the insurer are claims by third-parties against the insured as evidenced by the provisions of the "Notice of Claim or Suit" clause quoted previously.

Accordingly, it appears that the ordinary meaning of the word "claim" as referred to in Declaration number 5, in the Limitation of Liability clause, in the Insuring Agreement clause, and in the Notice of Claim or Suit clause is that of a third-party's assertion of a right against the insured.

Assuming arguendo that the word "claim" as referred to in Declaration number 5 and the Limits of Liability clause, means demands by the insured against American Home, defendant's further contention that all such demands which relate to a continuous course of professional service rendered by Reich, Weiner to Generics constitute a single "claim" under the policy for which American Home is liable only up to a maximum of $1 million rather than the "aggregate" limit of $2 million is untenable. American Home asserts that all of the third-party claims asserted in the Generics Litigation must be combined into a single "claim" because they are all related to Reich, Weiner's continuous provision of professional accounting services to Generics during the period that the policy was in effect. The insurance policy, however is devoid of any language which expressly supports defendant's position. Indeed, this interpretation of the terms of the policy substantially modifies the apparent meaning of the word "claim" as it is referred to in Declaration number 5 and the Limits of Liability clause. It appears from these policy provisions that the word "claim" means an individual demand by the insurer under the policy regarding a single assertion of a right by a third-party. Thus, each such demand by the insured is a separate "claim" even if it relates to a prior or subsequent demand because it involves the same continuous provision of professional service to a particular client. Since this Court can not judicially reconstruct the terms of the insurance policy, but rather must enforce it as it is written, *Flynn v. Hartford Fire Insurance Co., supra; Government Employees Insurance Co. v. Kligler, supra*, defendant's contention must fail.

Accordingly, plaintiff's motion for summary judgment is granted, and defendant's cross-motion is denied.

Submit judgment.

This action is hereby transferred to the suspense calendar of this Court pending submission of judgment.

SO ORDERED.