OPINION OF THE COURT

Per Curiam.

Judgment entered February 25, 1982 is reversed, with $30 costs; the plaintiff’s small claims complaint is dismissed.
In this small claims action the parties stipulated to the following facts: claimant Jerome Norris, appearing pro se, is an attorney employed by the General Electric Company, entitled to medical expense benefits under a group insurance policy underwritten by the defendant Metropolitan Life Insurance Co. Included in the coverage are “services performed or prescribed by a physician or surgeon, in a hospital, at home or elsewhere”. The terms “physician” and “surgeon” are defined in the policy as “a person legally licensed to practice medicine.”
*297 A claim by Norris for reimbursement of $450 expenses incurred for treatment of a pinched nerve by M. C. Lee, a licensed acupuncturist from July 27 through September 11,1981, was disallowed by the defendant as treatment by a non-physician. In this small claims action, Norris sued for the $450 expenses he incurred for acupuncture treatment, and judgment was rendered for that amount in his favor.
Trial Term framed the issue for determination as whether a licensed acupuncturist in this State, is a person licensed to practice medicine, and found in favor of the claimant.
Plaintiff argued in the court below that the expenses are allowable under the terms of the policy providing acupuncture benefits “(1) for the diagnosis, care or treatment of nonoccupational illness or injury * * * (3) performed by a physician or surgeon”. It is his contention that it is generally understood and customarily recognized that the terms of the policy include other practitioners in the medical field licensed by the State of New York Department of Education, e.g., chiropractors, podiatrists, acupuncturists, psychologists and registered nurses. We note that the policy specifically provides for coverage for services “rendered by a psychologist (as defined in this plan) while acting within the lawful scope of his practice * * * on the same basis as if the service had been rendered by a physician or surgeon.”
The policy defines “physician” or “surgeon” as a person legally licensed to practice medicine, and a “psychologist” as a person who meets one of three qualifications. Pertinent to the plaintiff’s argument on the issue of licensing is the following qualification: “(i) If practicing in a State or Province where statutory licensure or certification of psychologists exists, he holds a valid credential (as legally specified) for such practice”. The specific inclusion in the policy of only one category of “non-physician”, i.e., psychologist, is inconsistent with plaintiff’s argument that other licensed practitioners in the medical field are to be read into the specific terms of the policy. Trial Term’s inquiry in this matter was essentially limited to the consideration of whether an acupuncturist is a person legally licensed to *298 practice medicine. The court below should have extended its consideration to whether under a reasonable interpretation of the policy the plaintiff was entitled to recover for acupuncture treatment. Upon review of the policy, we find that the plaintiff was not entitled to recover for treatment. “Insurance contracts (and the terms that compose them) that are clear and unambiguous are to be given their plain and ordinary meaning. (Government Employee Ins. Co. v Kligler, 42 NY2d 863.) Furthermore, a court confronted with an unambiguous contract of insurance is obliged to enforce the terms of that agreement and may not, even in furtherance of well-intentioned public policy, judicially alter the terms of the contract. (National State Bank, Elizabeth, N. J. v American Home Assur. Co., 492 F Supp 393.)” (Greenberg v Medi-Cab Inc. of N. Y., 114 Misc 2d 104, 106.)
Moreover, the legislative distinction in the licensing statutes between “[t]he practice of the profession of medicine * * * as diagnosing, treating, operating or prescribing for any human disease, pain, injury, deformity or physical condition” (Education Law, § 6521; emphasis added) and the “Practice of Acupuncture” (L 1974, ch 959, as amd by L 1975, ch 842) cannot be disregarded in determining the issue at hand.
Chapter 959 of the Laws of 1974 established guidelines for data collection on the use of acupuncture. It refers to acupuncture as an “ancient oriental art” and defines it narrowly as “the treating, by means of mechanical,- thermal or electrical stimulation effected by the insertion of needles or by the application of heat pressure or electrical stimulation at a point or combination of points on the surface of the body predetermined on the basis of the theory of the physiological interrelationship of body organs with an associated point or combination of points for diseases, disorders and dysfunctions of the body for the purpose of achieving a therapeutic or prophylactic effect” (emphasis added).
Chapter 842 of the Laws of 1975 provided for the establishment of licensing procedures “to authorize and encourage those persons who are not licensed to practice medicine and dentistry in New York state to practice acupuncture”. *299 The requirements to qualify for a license were formulated by the Department of Education pursuant to the enabling statute and are set forth in 8 NYCRR 60.11, entitled “Practice of acupuncture”.
To apply the broad meaning of “physician” or “surgeon” in the policy definitions to an acupuncturist defies the legislative intent in licensing the practice as a therapeutic or prophylactic procedure. In applying the mandate for resolution of small claims disputes “to do substantial justice between the parties according to the rules of substantive law” (CCA, § 1804), we find that the determination of the court below is contrary to law and must be reversed.
Tierney, J. P., Riccobono and Sullivan, JJ., concur.