■ PERGAMENT DISTRIBUTORS, INC., Respondent, v OLD REPUBLIC INSURANCE COMPANY, Appellant.—In an action, *inter alia,* for a judgment declaring that the defendant is under a contractual duty to defend and indemnify the plaintiff, pursuant to an umbrella liability insurance policy, for the risks covered by a primary liability insurance policy, the defendant appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), entered February 19, 1986, which denied its motion for summary judgment dismissing the complaint and granted partial summary judgment to the plaintiff.

Ordered that the order is reversed, with costs, the defendant's motion is granted, and it is declared that the defendant is not required to defend or indemnify the plaintiff for any claims brought against it for the period April 1, 1981 through April 1, 1982, for risks covered by a policy issued by Ambassador Insurance Company in effect for that period.

The plaintiff purchased primary general liability insurance from Ambassador Insurance Company (hereinafter Ambassador). The Ambassador policy provided for liability coverage up to a maximum of $1,000,000 per occurrence and as a maximum annual aggregate. To supplement this coverage, the plaintiff purchased an umbrella, i.e., excess, policy from the defendant for the fiscal year April 1, 1981 to April 1, 1982. The umbrella policy provided for coverage of $10,000,000 per occurrence and as a maximum annual aggregate. Subsequently, in 1984, Ambassador was judicially declared insolvent, by the Superior Court of the State of Vermont. Thereaf-

ter, the defendant rejected the plaintiff's demand that it assume Ambassador's position as primary carrier, subject to a deductible of $10,000. Following the settlement of two personal injury suits for amounts within the primary carrier's limits, the plaintiff commenced the instant action.

The plaintiff contends that the defendant's umbrella policy requires the defendant to "drop down" and provide primary coverage when the primary carrier is unable to pay, i.e., when the primary carrier is declared insolvent. The crucial provision in the policy is the following:

"Limit of Liability

"The Company hereon shall only be liable for the ultimate net loss the excess of either

"(a) the limits of the underlying insurances as set out in the attached schedule in respect of each occurrence covered by said underlying insurances [$1,000,000] or

"(b) the amount as set out in Item 2 (c) of the Declarations [$10,000] ultimate net loss in respect of each occurrence not covered by said underlying insurances".

The plaintiff posits that the terms "covered" and "not covered" contained in the preceding provision are ambiguous and may be interpreted to mean that the excess carrier is responsible for "ultimate net loss" in excess of the deductible, depending upon the amounts paid by the underlying carrier. We disagree.

Although it is true that any ambiguity in an insurance contract must be resolved in favor of the insured, the court should not strain itself to find an ambiguity where words have a definite and precise meaning (see, Breed v Insurance Co., 46 NY2d 351, 353-355). At bar, there is only one reasonable interpretation of the preceding terms. When used in this context, the terms "covered" and "not covered" refer to whether the policy insures against a certain risk not whether the insured can collect on an underlying policy (see, Mission Natl. Ins. Co. v Duke Transp. Co., 792 F2d 550, 552; Guaranty Natl. Ins. Co. v Bayside Resort, 635 F Supp 1456, 1458; see also, Continental Marble & Granite v Canal Ins. Co., 785 F2d 1258, 1259).

Further, the plaintiff contends that the defendant must provide primary coverage because there is no "other valid and collectible insurance". However, contrary to the plaintiff's contention, the phrase "other valid and collectible insurance" refers to insurance carried in addition to the primary insurance (see, Mission Natl. Ins. Co. v Duke Transp. Co., supra, at

554). Thus, the defendant is not required to "drop down" and defend the plaintiff because of Ambassador's insolvency.

Finally, the plaintiff has not raised an issue of fact requiring a trial as to whether Alexander & Alexander acted as the defendant's agent in procuring the insurance in question and therefore whether its alleged representations were binding upon the defendant. Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.