Edmond **LEVY**, Eddy Antar and Solomon Antar, Plaintiffs–Appellants,

v.

**NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA.,** Defendant–Appellee.

No. 370, Docket 89–7381.

United States Court of Appeals, Second Circuit.

Argued Nov. 8, 1989.

Decided Nov. 9, 1989.

Andrew W. Goldwater, Friedman & Kaplan, New York City, for plaintiffs-appellants.

Alfred A. D'Agostino, Jr., D'Amato & Lynch, New York City (Mary Jo Barry, of counsel), for defendant-appellee.

Before KAUFMAN, TIMBERS and WINTER, Circuit Judges.

PER CURIAM:

Appellants Edmond Levy, Eddy Antar and Solomon Antar, former directors of Crazy Eddie, Inc., appeal from Judge Duffy's order granting summary judgment to National Union Fire Insurance Co. of Pittsburgh, PA. The pertinent facts are undisputed. Appellants are among the defendants in a Delaware state court action brought by Crazy Eddie, Inc. seeking, *inter alia,* damages for breach of fiduciary duty and injunctive relief against enforcement of appellants' employment agreements. Appellants sought reimbursement under a National Union directors' and officers' ("D & O") insurance policy for payment of their defense costs in the Delaware action. When National Union denied coverage, appellants brought the present action for a declaratory judgment.

The D & O liability policy issued by National Union to past, present, and future directors and officers of Crazy Eddie, Inc. insured such directors from any loss arising on a claim made during the policy period by reason of any "Wrongful Act" by such directors, including any breach of duty or neglect. In granting summary judgment against appellants, the district court relied upon the following exclusion in the policy:

4. EXCLUSIONS

The Insurer shall not be liable to make any payment for Loss in connection with any claim or claims made against the Insureds: ...

(i) which are brought by, or on behalf of, any other Insureds including but not limited to shareholders' derivative suits and/or representative class action suits, brought by one or more past, present or future Directors and/or Officers including their estates, beneficiaries, heirs, legal representatives, assigns and/or the Company against one or more past, present or future Directors or Officers;

....

The district court found that the exclusion expressly applies to claims brought by Crazy Eddie, Inc. Appellants urge that the district court incorrectly read the exclusion clause, and that the policy excludes only claims brought by "other Insureds," and that Crazy Eddie, Inc. is not an "Insured" under the policy.

Appellants' position is totally frivolous. The policy self-evidently excludes claims arising from suits brought by "one or more past, present or future Directors ... and/or the Company." Because the Delaware action was brought against appellants by "the Company," it is expressly excluded from coverage. Where terms used in an insurance policy are clear and unambiguous, they must be given their plain and ordinary meaning. *See National State Bank v. American Home Assurance Co.,* 492 F.Supp. 393 (S.D.N.Y.1980). "[T]he policy must be enforced as written, and the Court is not free to modify its terms by judicial construction." *Id.* at 396. Because the pertinent provisions contain no ambiguity, canons of construction favoring the insured are irrelevant. *Cf. Westchester Resco Co. v. New England Reinsurance Corp.,* 818 F.2d 2, 3 (2d Cir.1987) (per cu-

riam) (where ambiguity exists in standard-form contract supplied by one of the parties, contract will be construed against the proffering party).

Because we uphold the district court's ruling that the Delaware action is excluded from coverage, we need not address appellants' claim regarding contemporaneous payment of appellants' defense expenses under the policy.

Affirmed.