■ JANICE GENNARI, Respondent, v CONTINENTAL INSURANCE COMPANY, Defendant, and WILLIAM PENN LIFE INSURANCE COMPANY OF NEW YORK et al., Appellants.—In an action, inter alia, to recover the proceeds of a life insurance policy, the defendants William Penn Life Insurance Company of New York and Selig & Sussman, Inc., separately appeal from so much of an order of the Supreme Court, Suffolk County (Hand, J.), entered December 23, 1988, as denied their respective motions for summary judgment dismissing the complaint insofar as it is asserted against each of them.

Ordered that the order is reversed insofar as appealed from by Selig & Sussman, Inc., on the law, the provision thereof which denied the motion of the defendant Selig & Sussman, Inc., for summary judgment dismissing the complaint insofar as it is asserted against it is deleted, and provisions are substituted therefor granting that motion, dismissing the complaint insofar as it is asserted against that defendant, and severing the action against the remaining defendants; and it is further,

Ordered that the order is affirmed insofar as appealed from by William Penn Life Insurance Company of New York; and it is further,

Ordered that the defendant Selig & Sussman, Inc., is awarded one bill of costs, payable by the plaintiff.

On April 10, 1984, the plaintiff's deceased husband, Gary Gennari, a Nassau County police officer, visited the offices of the defendant Selig & Sussman, Inc., an agent of defendant William Penn Life Insurance Company of New York, to obtain a life insurance policy naming his wife as the primary beneficiary. The particular policy had been advertised in the newsletter of the Police Benevolent Association and was offered on a "no medical" basis for police officers.

Since no medical information was required, only part I of the application had to be filled out. Included in that part was question nine which stated:

"9. Have you been actively at work on a full time basis as defined below for the last 60 days?

" 'Actively at work on a full time basis' means performing all of your regular duties in the above occupation for the above employer, for at least 20 hours per week, at your customary place of employment, on a work schedule which is in no way curtailed or altered because of your health."

That question was answered affirmatively by Mr. Gennari. Nassau County Police Department records indicated that Mr. Gennari had been out on sick leave on April 1, 2, 3, 4, 5, 9 and 10, of 1984. On June 1, 1984, the defendant William Penn Life Insurance Company of New York issued the policy. On January 20, 1985, Mr. Gennari died as the result of cancer. His wife commenced this action after the defendant William Penn Life Insurance Company of New York refused to pay the proceeds of the life insurance policy.

The defendants William Penn Life Insurance Company of New York and Selig & Sussman, Inc., separately moved for summary judgment dismissing the complaint insofar as it is asserted against each of them. We find that the court properly denied summary judgment on the plaintiff's cause of action against the defendant William Penn Life Insurance Company of New York to recover the policy proceeds. It is well established that where the terms of an insurance policy are susceptible of more than one interpretation, any ambiguity should be construed against the insurer and, necessarily, in favor of the insured (see, Breed v Insurance Co., 46 NY2d 351, 353; Pergament Distribs. v Old Republic Ins. Co., 128 AD2d 760,

761; *Acorn Ponds v Hartford Ins. Co.,* 105 AD2d 723, 724). The language in question nine was ambiguous with respect to the circumstances under which an individual can be considered " 'actively at work' ". Such language is susceptible of more than one interpretation. It may be that those who take certain days off as sick leave may not be considered " 'actively at work' ". However, such language may also refer to those persons whose work schedules have been curtailed or altered because of health problems. However, where "ambiguous words are to be construed in the light of extrinsic evidence or the surrounding circumstances, the meaning of such words may become a question of fact for the jury" *(American Sur. Co. v National Fire Ins. Co.,* 25 AD2d 734). Clarification by proof upon trial is required as to the meaning and effect of the language and the intention of the parties *(see, Steinberg Bros. v Citizens Cas. Co.,* 21 AD2d 661). Since questions of fact exist which require resolution at trial with respect to this defendant, summary judgment was properly denied.

We find, however, that summary judgment dismissing the plaintiff's cause of action against the defendant Selig & Sussman, Inc., to recover damages for negligence, should have been granted. To defeat a motion for summary judgment, the opposing party must show through evidentiary proof in admissible form that a question of fact is present requiring denial of the motion *(see,* CPLR 3212 [b]; *Bytner v Capital Newspaper Div. of Hearst Corp.,* 112 AD2d 666, 668). The plaintiff's opposition papers failed to set forth any such proof of a cause of action against this defendant. Thompson, J. P., Bracken, Brown and Kunzeman, JJ., concur.