■ BERNARD LIEBMAN, Appellant, v AMERICAN INTERNA-

TIONAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent. —Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered on February 5, 1991, which, *inter alia,* granted defendant's motion for summary judgment, denied plaintiff's motion for summary judgment and dismissed the complaint, unanimously affirmed, without costs.

Defendant refused to pay plaintiff-beneficiary the proceeds of a life insurance policy insuring his wife, on the ground that its investigation revealed that she had given false material information by indicating that she was actively at work as a full-time employee for the three month period prior to the application. In support of its motion for summary judgment, defendant submitted unrebutted proof that during the three month period prior to the date of her application, the deceased, a terminal cancer patient who required a hip replacement, was hospitalized for eighteen days and remained gravely ill while she recuperated at home. The court properly granted summary judgment in defendant's favor since plaintiff's unsubstantiated, conclusory assertion that his wife was continuously actively at work as a full-time employee in spite of the gravity of her illness, was insufficient to establish the existence of a genuine material issue of fact *(Rotuba Extruders v Ceppos,* 46 NY2d 223; *cf., Gennari v Continental Ins. Co.,* 160 AD2d 759). Concur—Murphy, P. J., Rosenberger, Ellerin, Ross and Rubin, JJ.