■ HEARTLAND BREWERY, INC., Appellant-Respondent, v NOVA CASUALTY COMPANY, Respondent-Appellant. [52 NYS3d 55]—

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered September 7, 2016, which denied plaintiff's motion for summary judgment declaring that defendant Nova Casualty Company was obligated to provide Heartland with coverage under the policy, and denied Nova's cross motion for summary judgment declaring that Nova was under no obligation to provide Heartland with coverage under the policy, unanimously affirmed, without costs.

Defendant Nova Casualty Company provided plaintiff Heartland Brewery, Inc. with property and casualty coverage for several of its premises throughout New York City. The policy provided for limited coverage for flooding, but specifically excluded "loss or damage to property located in Flood Zones A or v as defined by the Federal Emergency Management Agency (FEMA)." During Superstorm Sandy, plaintiff's premises located at 93 South Street sustained substantial flood damage. When plaintiff presented its claim to defendant, defendant declined coverage because the premises was located in FEMA Zone AE, which defendant asserts is a subzone of Zone A. Plaintiff challenges this interpretation, claiming that Zone AE is not a subzone or part of Zone A, but rather is separately defined under FEMA's regulations (44 CFR 59.1 *et seq.*).

The question of whether the terms of a contract, such as an insurance policy, are ambiguous is a question of law for the

courts to determine. The contract language is to be read in light of common speech and interpreted "according to the reasonable expectations and purposes of ordinary businesspeople when making ordinary business contracts" (*DMP Contr. Corp. v Essex Ins. Co.*, 76 AD3d 844, 846 [1st Dept 2010]).

When it comes to exclusions from coverage, the exclusion "must be specific and clear in order to be enforced" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]) and ambiguities in exclusions are to be construed "most strongly" against the insurer (*Guachichulca v Laszlo N. Tauber & Assoc., LLC*, 37 AD3d 760, 761 [2d Dept 2007]). As this Court has recognized, there are circumstances where extrinsic evidence may be admitted prior to an exclusion being strictly construed against an insurer (*Southwest Mar. & Gen. Ins. Co. v Preferred Contrs. Ins. Co.*, 143 AD3d 577 [1st Dept 2016]), and "[w]here . . . ambiguous words are to be construed in the light of extrinsic evidence or the surrounding circumstances, the meaning of such words may become a question of fact for the jury" (*American Sur. Co. of N.Y. v National Fire Ins. Co. of Hartford*, 25 AD2d 734, 734 [1st Dept 1966]).

Here, the language of FEMA's flood zone regulations raises an issue of fact rendering the insurance policy's exclusion of flood coverage ambiguous (*see Sylvania Gardens Apts. v Legion Ins. Co.*, 2001 WL 1807780, *2, 2001 Phila Ct Com Pl LEXIS 67, *6 [2001]).

We have considered the remaining arguments and find them unavailing. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Webber, JJ.