Nova Cas. Co. v Peter Thomas Roth Labs, LLC (2019 NY Slip Op 08785)





Nova Cas. Co. v Peter Thomas Roth Labs, LLC


2019 NY Slip Op 08785


Decided on December 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2019

Richter, J.P., Gische, Webber, Gesmer, JJ.


10512 152807/14

[*1] Nova Casualty Company, Plaintiff-Respondent,
v
Peter Thomas Roth Labs, LLC, Defendant-Appellant.


Denis G. Kelly & Associates, P.C., Long Beach (Denis G. Kelly of counsel), for appellant.
Malloy & Associates, W. Simsbury, CT (John P. Malloy of the bar of the State of Connecticut, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered October 11, 2018, which granted plaintiff's motion for summary judgment declaring that plaintiff insurer owes no duty to provide flood coverage for defendant's properties in Carlstadt and Moonachie, New Jersey, unanimously affirmed, without costs.
We already held in Heartland Brewery, Inc. v Nova Cas. Co. (149 AD3d 522 [1st Dept 2017]) that the provision at issue on this appeal is ambiguous. In such a situation, "the parties may submit extrinsic evidence as an aid in construction, and the resolution of the ambiguity is for the trier of fact" (State of New York v Home Indem. Co., 66 NY2d 669, 671 [1985] [internal citation omitted]).
The extrinsic evidence that was presented supports plaintiff insurer's interpretation of the policy, and thus the motion court correctly declared that it had no duty to provide flood coverage. The conclusory and confusing statements by the chief operating officer during his deposition do not alter this result, and provide no basis to order a trial of the coverage claim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 5, 2019
CLERK