ROCHESTER WOODCRAFT SHOP, INC., Respondent, *v.* GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD., et al., Appellants.

Fourth Department, November 5, 1970.

*Lines, Wilkens & Osborn (Stephen V. Lines* of counsel), for appellants.

*Bernstein & Bernstein (Samuel F. Prato* of counsel), for respondent.

BASTOW, J. Plaintiff seeks indemnification under a liability insurance policy issued by defendants for an amount paid by it in settlement of a property damage claim and legal expenses incurred as a result of defendants' alleged breach of their obligation to defend an action brought against plaintiff by a

third party (herein "Shay's"). Crucial here is the language of a so-called exclusionary clause in the policy which provided that as to certain coverages the policy did not apply to property "in the care, custody or control" of plaintiff.

Upon the trial the parties and the court failed to recognize that the resolution of two separate and distinct issues was presented which required application of different legal principles. The first issue centered upon plaintiff's claim to recover the amount expended by it for legal expenses resulting from defendants' alleged breach of their assumed obligation to defend. In resolving this issue the applicability of the exclusion clause had to be tested against the allegations of Shay's complaint.

The second issue presented was in respect of plaintiff's cause of action to recover the amount that it had paid to Shay's in settlement of its action. The determination thereof was dependent upon the resolution of the issue as to the applicability of the exclusion clause in the light of the actual facts.

We consider the two issues seriatim. It is familiar law that the insurer's "duty to defend is broader than the duty to pay" (*Goldberg* v. *Lumber Mut. Cas. Ins. Co.*, 297 N. Y. 148, 154). The issue is one of law to be determined from an examination of the allegations of the complaint in the action against the insured (31 N. Y. Jur., Insurance, § 1324).

The first cause of action in Shay's complaint alleged that while the trailer was lawfully on this plaintiff's premises it was destroyed by fire as the result of this plaintiff's negligence. Thus, Shay's might have recovered from plaintiff without establishing that the trailer was in the "care, custody or control" of plaintiff so as to bring it within the exclusory language of the policy. While this issue should have been decided by the trial court we conclude that the portion of the recovery representing legal expenses of plaintiff was proper.

Turning to the second issue we further conclude that damages awarded plaintiff for the amount paid by it to Shay's for the loss of the trailer came within the coverage of the policy. It is unnecessary to reach or pass upon the issue as to whether or not the trial court should have decided the issue without submitting it to the jury. Again the ultimate result was legally correct.

Upon all the facts it is concluded that the trailer was not in the "care, custody or control" of plaintiff. The proof is that Shay's moved the trailer onto the premises of plaintiff by use of a tractor, which was then unhooked from the trailer and driven away. Thereafter, and until the time of the fire some nine hours later, plaintiff neither moved nor loaded the trailer.

There is no proof that plaintiff undertook to maintain safely the trailer. The authorities relied on by appellants are inapposite. In each the insured had either performed work on the damaged property or had damaged the property while making use of it.

Lastly, we find no merit to appellants' contention that because Shay's action against plaintiff was settled and did not proceed to trial and judgment plaintiff may not recover. An insurer who breaches its obligation to defend subjects itself to liability for the amount of any reasonable settlement made by the insured (31 N. Y. Jur., Insurance, § 1333; *Cardinal* v. *State of New York,* 304 N. Y. 400, 410, 411). To the plaint of appellants that plaintiff failed to prove that it was legally obligated to pay Shay's for the damage to the trailer it is sufficient to state that plaintiff's attempt to make this proof on the trial was effectively blocked by a specious objection by appellants and an erroneous ruling by the trial court.

The judgment should be affirmed.

DEL VECCHIO, J. P., MARSH, GABRIELLI and MOULE, JJ., concur.

Judgment unanimously affirmed, with costs.