Memorandum. The order of the Appellate Division should be reversed.
While it is true that policies of insurance are to be construed liberally in favor of the insured and strictly against the insurer, where the provisions of the policy are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement (State Farm Mut. Auto. Ins. Co. v Westlake, 35 NY2d 587; Johnson v Travelers Ins. Co., 269 NY 401). The automobile liability policy in question affords coverage to the "named insured” in the event of an accident involving the vehicle designated under the policy or, in certain instances, a "temporary substitute automobile” or a "non-owned” vehicle. The named insured is defined to include the party who executed the agreement and his spouse. The policy further provides *865 that a "temporary substitute automobile” includes any automobile not owned by the named insured which is temporarily being used with the permission of the owner. Finally, a "non-owned” vehicle means any automobile, other than a temporary substitute automobile, not owned by the named insured.
In this case the vehicle involved in the accident was owned by the wife of the insured and, hence, by the named insured as that term is defined in the policy. The wife’s car, therefore, did not qualify as either a "temporary substitute automobile” or a "non-owned” vehicle. Accordingly, it is manifest that the wife’s car was excluded from coverage by the clear and unambiguous language of the policy.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, with costs, and declaratory judgment granted in favor of appellant in a memorandum.