■ AMERICAN HOME ASSURANCE Co., Appellant, v JEAN M. FIRESTONE, as Executrix of DONALD H. FIRESTONE, Deceased, et al., Respondents, et al., Defendants.—Order affirmed, with costs. Memorandum: In February, 1965 American Home Assurance Company issued a policy of aircraft hull and liability insurance to four named insureds—Syracuse Flight School, Inc., Central Airways, Inc., Michael Rusyniak and Anthony Rusyniak. Various aircraft were specifically named in the policy and the policy contained standard endorsements regarding subsequently purchased or leased aircraft. On December 6, 1965 an airplane owned by Central Airways and operated by Syracuse Flight School crashed near Hindman, Kentucky. All aboard, including Anthony Rusyniak were killed. When several wrongful death actions were commenced, American was notified and asked to provide a defense. American disclaimed coverage and instituted this declaratory judgment action seeking a determination that it had no duty to defend or indemnify any of the named insureds. The airplane that crashed in Kentucky was not specifically described in the policy. Neither was it a subsequently purchased aircraft since it had been owned by Central Airways prior to the issuance of the insurance policy. Because the airplane was owned by a named insured, it was not a covered aircraft under Endorsement No. 2 which extends coverage to aircraft rented, hired or used by the named insured, but not owned by any of them *(Government Employees Ins. Co. v Kligler,* 42 NY2d 863). The intention of the parties as expressed by Insuring Agreement No. 5 (use of other aircraft), arguably at least, may provide coverage here. This clause reads: "Such insurance as is afforded by this policy with respect to the aircraft applies to the named insured if an individual and the owner of such aircraft with respect to the operation of any other aircraft by such named insured or with respect to the presence of such named insured in such other aircraft. This *insuring agreement does*

not apply: (a) to any aircraft owned in full or in part by, licensed in the name of, hired as part of a frequent use of hired aircraft by, or furnished for regular use to the named insured or a member of his household; (b) to any occurrence arising out of the operation of an airport, aircraft repair shop, hangar, aircraft sales agency, flying school, flying club or the manufacture of aircraft accessories." Although it is similar to Endorsement No. 2, this clause appears to express an intention to distinguish between the individual named insured and the corporate named insured. This clause is at best confusing; and such confusion must be attributed to the drafter. Construing the ambiguity against the insurer and cognizant that the duty to defend is broader than the duty to indemnify *(Sturges Mfg. Co. v Utica Mut. Ins. Co.,* 37 NY2d 69), we find that in Insuring Agreement No. 5 American promised, at least, to defend any action arising out of the operation of other aircraft by an individual named insured, but not owned by him or "a member of his household." As interpreted this clause is broad enough to apply to this situation where the crash aircraft was piloted by individual named insured Anthony Rusyniak, but owned by the corporate named insured, Central Airways. All concur except Hancock, Jr., and Witmer, JJ., who dissent and vote to reverse the order and grant summary judgment to plaintiff, in the following memorandum:

Hancock, Jr., and Witmer, JJ. (dissenting). We would reverse and grant summary judgment to the plaintiff. The question presented is whether an airplane specifically omitted from the liability coverage of the policy and owned solely by Central Airways, Inc. (one of the four parties identified collectively as the insured in the policy as amended by Endorsement No. 2) is covered by Endorsement No. 2 which extended liability coverage to *"aircraft not owned by the insured* which may be rented, hired, or used by the Insured or by Employees of the Insured in connection with the business of the Insured" (Emphasis added). For the purpose of the extended coverage provided therein, Endorsement No. 2 specifies that the "definition of Insured" shall mean the insured named in Item No. 1 of the declarations. Item No. 1 of the declarations lists as the "named insured": "Syracuse Flight School, Inc., Central Airways, Inc., Michael Rusyniak and Anthony Rusyniak." Inasmuch as the airplane was concededly owned by Central Airways, Inc., one of the parties listed in Item No. 1 of the declarations as the "named insured", we hold that it was owned by "the insured" as the term is defined for purposes of the endorsement (see *Government Employees Ins. Co. v Kligler,* 42 NY2d 863). Because the endorsement is limited to airplanes not owned by "the insured", it cannot apply. On the date of the accident the plane was being used by one of the four parties listed as the named insured (Anthony Rusyniak) on the business of another named insured (Syracuse Flight School, Inc.). Neither Anthony Rusyniak nor Syracuse Flight School, Inc., was the owner of the plane. Rusyniak argues, therefore, that, from his point of view as an individual insured who did not own the aircraft, the aircraft is covered under Endorsement No. 2 as one "not owned by the insured." Syracuse Flight School, Inc. makes the same argument. The argument overlooks the "definition of Insured" specifically adopted for purposes of the endorsement as including, collectively, the four parties named in Declaration No. 1. We find the decision of *Government Employees Ins. Co. v Kligler (supra),* involving an automobile liability policy, controlling. There, the policy afforded coverage, in certain instances, to the named insured in the event of an accident involving a "non-owned" vehicle. The named insured was defined in the policy as including the party who executed the agreement and his spouse. A "non-owned" automobile as

the term was employed in the policy was one "not owned by the named insured." Although the automobile involved in the accident was not owned by the party named in the policy but was owned solely and insured separately by his wife, the court rejected the argument that it was as to him a "non-owned" automobile: "In this case the vehicle involved in the accident was owned by the wife of the insured, and, hence, by the named insured as that term is defined in the policy. The wife's car, therefore, did not qualify as * * * a 'non-owned' vehicle. Accordingly, it is manifest that the wife's car was excluded from coverage by the clear and unambiguous language of the policy." (Government Employees Ins. Co. v Kligler, supra, p 865.) There can be no basis for claiming coverage under Insuring Agreement No. 5, as suggested by the majority. Indeed, it is precisely because there was no coverage for the aircraft named in the policy under Insuring Agreement No. 5 in the event the insured was operating a nonowned aircraft that Endorsement No. 2 was added to extend coverage to "aircraft not owned by the Insured which may be rented, hired or used by the Insured or by Employees of the Insured in connection with the business of the Insured." Insuring Agreement No. 5 provided coverage for nonowned aircraft only to an insured "if an individual and the owner" of the aircraft named in the policy. There could have been no coverage under Insuring Agreement No. 5 for the aircraft named in the policy because they were owned not by individuals but by corporations: i.e., Syracuse Flight School, Inc., and Central Airways, Inc. Therefore, Endorsement No. 2 was adopted to expand the limited definition of "insured" for purposes of the nonowned aircraft coverage afforded by the policy to all of the four insured named in Declaration No. 1—both corporate and individual. Furthermore, the fact is undisputed in the record that the Aero Commander involved in the accident was being operated on the business of Syracuse Flight School, Inc. For this additional reason, coverage would have been excluded by subparagraph (b) of Insuring Agreement No. 5 because the occurrence arose out of the "operation of" a "flying school". Endorsement No. 2, as noted, removed that limitation on coverage by expressly extending the insurance to aircraft not owned by the insured and used by the insured or employees of the insured in its business which would include the flying school operation. As a general rule, the insured's duty to defend is broader than its duty to indemnify. Where, as here, however, no basis for recovery within the coverage of the policy is stated in the complaint, there is no duty to defend. (Lionel Freedman, Inc. v Glens Falls Ins. Co., 27 NY2d 364, 368; see Manuszewski v Merchants Mut. Ins. Co., 60 AD2d 792; Vale v Yawarski, 79 Misc 2d 320.) (Appeal from order of Onondaga Supreme Court—partial summary judgment.) Present—Cardamone, J. P., Hancock, Jr., Doerr, Witmer and Moule, JJ.