OPINION OF THE COURT
Joseph Rosenzweig, J.
Plaintiff’s cause of action against his insurance carrier is based upon a loss to his automobile through the alleged negligence and malfeasance of defendant C & S Diesel, Inc., an automobile repair shop.
Dr. Charles Caccioppo in his complaint seeks to recover damages in the amount of $4,500 from defendant United Services Automobile Association (USAA) under the terms of an insurance contract. Dr. Charles Caccioppo in his second cause of action seeks to recover $4,500 from defendant C & S Diesel based upon its negligence in the repair of Dr. Caccioppo’s automobile.
Plaintiff moves for entry of summary judgment against the defendant USAA on grounds that the amount of damages are the only triable issue of fact. Plaintiff contends that the loss sustained to his automobile which resulted *699 from the alleged negligence of a mechanic is covered under the provisions of part D of his insurance policy issued by USAA.
Defendant cross-moves for summary judgment dismissing the plaintiff’s complaint pursuant to CPLR 3212 (subd [e]).
The first issue presented in this motion is whether the insurance policy issued to the plaintiff covers an automobile mechanic’s negligence with respect to the comprehensive clause of the policy.
The second issue is, assuming plaintiff is deemed to be covered under comprehensive coverage for the damage to his automobile, whether an exclusion provision is applicable.
The third issue presented for analysis is whether there are material facts in dispute which justify a denial of cross motions for summary judgment. Under CPLR 3212 (subd [b]), if this court finds a genuinely controverted fact on which liability depends then this court is precluded from granting the motion.
It is well settled that where insurance policies are concerned, if the provisions are clear and unambiguous, then these provisions are to be construed liberally in favor of the insured and strictly against the insurer. (Government Employees Ins. Co. v Kligler, 42 NY2d 863.)
The insurance policy issued by the defendant in this case clearly contains a provision regarding coverage for damage to a covered automobile.
Part D of the policy provides:
“Coverage For Damage To Your Auto:
“We will pay for direct and accidental loss to your covered automobile, including its equipment; minus any applicable deductable shown in the declarations. However, we will pay for loss caused by collision only if the Declarations indicate that collision coverage is provided.”
The primary issue presented concerning this clause of the policy is whether the alleged negligence of the auto mechanic to the plaintiff’s car was a direct and accidental loss to the covered automobile within the meaning and terms of the policy indorsement.
*700 The reasonable interpretation of the phrase “direct loss” is that it is synonymous with the phrase “direct cause” which in turn is the legal equivalent of the words “proximate cause”. (Dubuque Fire & Mar. Ins. Co. v Caylor, 249 F2d 162.) Proximate cause has been defined as the cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury, and without which the injury would not have occurred. (Lorang v Alaska S.S. Co., 2 F2d 300.)
In Dubuque Fire & Mar. Ins. Co. v Caylor (supra), the United States Court of Appeals for the 10th Circuit held that where antifreeze solution containing ethylene glycol was inadvertently combined with the crankcase oil already in the engine, it caused the pistons and connecting rods to become overheated and the engines to seize and lock. The court recognized that the damage to the engines constituted a direct loss or damage from any “external cause” within the meaning of the policy.
In the case at bar, the policy provision states that the insured is covered for direct and accidental loss to his covered automobile. The declarations page of the insurance policy provides that plaintiff pay a six-month premium of $115 for loss occasioned by other than collision and a six-month premium of $233 for collision loss.
This court finds that the language used in part D of the insurance policy constitutes a comprehensive coverage clause which is designed to afford protection against all causes of loss, damage or destruction not specifically excluded. Based upon the declarations page and the insurance agreement, this court finds that the comprehensive clause which provided coverage “for direct and accidental loss to [the] covered” vehicle affords protection to the insured for the alleged negligence committed by the defendant C & S Diesel, Inc.
The question then arises whether or not the exclusion denying coverage for damage from mechanical failure or breakdown would apply to any damage resulting by reason of an intervening cause such as the negligence of a mechanic.
Under the exclusion provision of part D, the insurance agreement states: “We will not pay for * * * (2) Damage due *701 and confined to: (a) wear and tear * * * (b) mechanical or electrical breakdown or failure.”
Defendant US A A contends that just as collision coverage applied regardless of negligence, the mechanical breakdown exclusion would also apply regardless of negligence.
However, plaintiff argues that the alleged negligence of the auto mechanic in performing repairs on plaintiff’s car takes the alleged damage outside the mechanical or electrical breakdown exclusion. Plaintiff further contends that since the affidavit of defendant US A A fails to state that the automobile suffered from a mechanical or electrical breakdown prior to it being brought to the defendant C & S Diesel, the exclusion in part D of the insurance agreement is not applicable.
After examination of both parties’ contentions, this court finds that if the alleged negligence caused a mechanical or electrical breakdown of the automobile, then plaintiff will succeed in arguing that the exclusion is not applicable by reason of an intervening cause.
In Lunn v Indiana Lumbermens Mut. Ins. Co. (184 Tenn 584), the court examined the meaning of the expression “confined to” as used in the exclusionary provision of an automobile insurance policy. The court held that the clause which excluded from comprehensive coverage any damage to the automobile due and confined to mechanical or electrical breakdown or failure does not restrict the operation of the clause to the actual part of the automobile which breaks, and is to be interpreted as meaning that the exclusion will not apply to damage done to any part of the car by an intervening cause. However, the exclusion will apply to any damage done to any part of the automobile solely by reason of the mechanical breakdown.
Under Lunn (supra), the insurance contract excludes the insurer from liability for any damage caused solely by a mechanical defect. The court’s rationale for this holding was that the expression “confined to”, followed by “any damage to the auto” established that the exclusion was limited to damage to the auto caused solely by a mechanical defect. In order to determine whether the insurer is liable for the damage sued for, it is necessary to determine whether the mechanical failure was the sole proximate *702 cause of the accident and the consequent damage. If it was the sole proximate cause, then the insurer is not liable. If it was not the sole proximate cause, then the insurance company is liable under the comprehensive clause.
Upon examining the affidavits, the court finds that the plaintiff took his automobile to the mechanic for purposes of a tune-up. However, the affidavits never indicate that the automobile suffered from damage due to a mechanical or electrical breakdown or failure prior to the alleged negligence.
Although the exclusion in part D of the policy attempts to avoid liability by the insurer for any damage to the automobile caused solely by mechanical defects, the insurer remains liable for any damage brought by an intervening cause.
Prior to this court applying the exclusion provision to the case at bar, there must be a trial as to whether or not defendant C & S Diesel was negligent in performing repair work on plaintiff’s car. If, after trial, defendant C & S Diesel is found to have acted negligently with respect to plaintiff’s car, then the insurance company is liable under the comprehensive clause on the basis that the auto mechanic’s negligence is an intervening cause. If defendant C & S Diesel is determined not to have acted negligently, then the insurer is not liable by reason of the exclusionary clause.
Under CPLR 3212 (subd [b]), a motion for summary judgment shall be denied if any party shall show facts sufficient to require a trial of any issue of fact other than an issue as to the amount or the extent of the damages.
Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue. (Moskowitz v Garlock, 23 AD2d 943.) The very question of whether the defendant’s conduct amounts to negligence is inherently a question for the fact trier in all but the most egregious instances. (See Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:8, p 429.) In this case, that question can only be determined on trial.
*703 CONCLUSION
Plaintiff may be able to recover under an insurance policy where damage is caused by the alleged negligence of an auto mechanic. The negligent conduct of an auto mechanic causing damage to an automobile can constitute a direct and accidental loss to a vehicle.
The exclusion which avoids coverage for damage due and confined to mechanical or electrical breakdown or failure will only apply where the damage is caused solely by mechanical defects.
This court must deny plaintiff’s motion for summary judgment since the affidavits raise a question of fact with regard to whether defendant C & S Diesel was negligent. The trial court must determine whether the auto mechanic acted negligently in the repair of plaintiff’s automobile before deciding whether the exclusion provision is applicable to the case at bar.
In order to determine whether the insurer is liable for the damage sued for in this case, it is necessary to determine whether the defendant C & S Diesel acted negligently and if such negligence was the sole proximate cause of the accident. If defendant C & S Diesel were not negligent, then the insurer is not liable under the comprehensive clause. If the mechanic was negligent and such negligence was the sole proximate cause of the mechanical breakdown, then the exclusion will not apply, and the insurer will be liable under the comprehensive clause.
Accordingly, the motion and cross motion for summary judgment are denied.