713 F.Supp. 694 (1989)
BURROUGHS WELLCOME CO., Plaintiff,
v.
COMMERCIAL UNION INSURANCE COMPANY, Defendant.
No. 84 Civ. 5267 (PKL).
United States District Court, S.D. New York.
May 23, 1989.
Cahill Gordon & Reindel, New York City (Thomas F. Curnin and Robert A. Alessi, of counsel), for plaintiff.
Siff, Rosen & Parker, P.C., New York City (William G. Ballaine and Ann Bickford, of counsel), for defendant.

*695 OPINION AND ORDER
LEISURE, District Judge:
Plaintiff Burroughs Wellcome Company ("Burroughs Wellcome"), has moved for partial summary judgment pursuant to Fed.R.Civ.P. 56. Specifically, plaintiff seeks an order directing defendant, Commercial Union Insurance Company ("Commercial Union"), to reimburse plaintiff pursuant to the insurance policies issued from December 22, 1949, to April 1, 1967 (the "Pre-Revision Policies"), for expenses allegedly incurred in defending lawsuits brought against Burroughs Wellcome by individuals who were exposed to diethylstibestrol ("DES"). This Court previously ruled that Commercial Union had a duty to defend Burroughs Wellcome against such claims under the Pre-Revision Policies. See Order dated October 7, 1986 (the "October Order"). Commercial Union contends that the October Order does not encompass the compensatory relief for past defense costs and settlements presently sought by plaintiff; and, in any event, summary judgment is precluded as the actual dollar amount of these defense costs is in dispute. For the following reasons, plaintiff's motion for partial summary judgment is granted in part, and denied in part.

BACKGROUND
For purposes of the present motion, a summary of the relevant facts will suffice. For a complete factual background, see Burroughs Wellcome Co. v. Commercial Union Insurance Co., 632 F.Supp. 1213 (S.D.N.Y.1986).
This matter initially came before the Court on plaintiff's motion for partial summary judgment seeking a declaratory order interpretating certain terms of the Pre-Revision Policies. The Court held that Commercial Union had a duty to defend plaintiff against the DES-related lawsuits and claims, asserted against Burroughs Wellcome, arising out of products liability coverage under the Pre-Revision Policies. Id.
In October, 1986, the Court issued an order, in accordance with its prior opinion, granting Burroughs Wellcome's motion for partial summary judgment. The Court ordered that:
Commercial Union has a duty to defend, and therefore assume the costs and expenses associated with the defense and adjudication of all DES-related lawsuits and claims asserted or to be asserted against Burroughs Wellcome, arising out of products liability coverage issued to Burroughs Wellcome by Commercial Union or its predecessor companies from December 22, 1949 to April 1, 1967....
October Order ¶ 1.
The Court also held that Commercial Union has a duty to "bear the costs of defense in every case or claim brought or to be brought against Burroughs Wellcome for damages caused by DES, from the time each case or claim is brought to the time of final adjudication until and unless it has been judicially determined that Commercial Union has established a particular plaintiff's claim is not insurable under the above-referenced policies[.]" October Order ¶ 3. Finally, the Court held that "Commercial Union shall also defend the derivative claims brought or to be brought against Burroughs Wellcome by the offspring, grandchildren and spouses of DES-exposed individuals unless and until it is judicially determined that Commercial Union has established that a particular plaintiff's claim is not insurable under the above-referenced policies." October Order ¶ 4.
Following the October Order, plaintiff filed its First Amended Complaint, adding requests for declaratory and compensatory relief, covering reimbursement for past defense costs and settlements incurred by plaintiff prior to this Court's October Order. Specifically, plaintiff seeks an order directing Commercial Union to reimburse it for costs and expenses incurred in defending lawsuits during the period in which Commercial Union "wrongfully" refused to defend such litigation, as well as amounts paid in settling the DES-related claims.
Defendant has refused to reimburse plaintiff under the Pre-Revision Policies for attorneys' costs and expenses incurred in the defense of DES-related lawsuits and *696 claims which Commercial Union had refused to defend. Moreover, defendant has refused plaintiff's demand for reimbursement of the amounts paid in settlement of several lawsuits and claims. See Amended Complaint ¶¶ 39-43; Plaintiff's Memorandum In Support of its Motion for Partial Summary Judgment ("Plaintiff's Memorandum") at 8. Plaintiff now brings this motion for partial summary judgment, pursuant to Fed.R.Civ.P. 56. Plaintiff seeks the aforementioned compensatory relief. Specifically, plaintiff seeks reimbursement of the costs incurred by Burroughs Wellcome in defending and settling the DES suits and claims asserted against it, as it has been established that it was Commercial Union's duty to defend these actions. As noted, defendant argues that this Court's October Order does not obligate Commercial Union to reimburse Burroughs Wellcome for previously-incurred defense and settlement costs; and, moreover, that questions of fact pertaining to the reasonableness of both the defense costs and the settlement costs preclude summary judgment.

DISCUSSION

Standard for Summary Judgment
Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ. P. 56(c). In the event that judgment is not rendered for all the relief requested, the court may ascertain what material facts are actually controverted and direct such further proceedings in the action as are appropriate. See Fed.R.Civ.P. 56(d).
On a motion for summary judgment, the court's purpose is not to try issues of fact, but rather to determine whether or not there are any material issues of fact to be tried. Meiri v. Dacon, 759 F.2d 989, 993 (2d Cir.), cert. denied, 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985). The substantive law governing the case will identify those facts which are material and "[o]nly disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment ... [it] is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Past Defense Costs
Burroughs Wellcome asserts that Commercial Union's refusal to reimburse it for the past defense costs that it seeks contravenes the October Order. Commercial Union, obviously relying on its own interpretation of the October Order, points out the this "is simply not the case." Defendant's Memorandum Opposing Plaintiff's Motion for Summary Judgment ("Defendant's Memorandum") at 9. Commercial Union contends that Burroughs Wellcome's original complaint sought only a declaration of defendant's duty to defend and to indemnify plaintiff against DES claims, and that therefore the Order does not obligate Commercial Union to reimburse plaintiff for past defense costs incurred before the October Order issued. See Defendant's Memorandum at 9.
The meaning of the October Order is clear. The October Order unequivocally stated that defendant "has a duty to defend, and therefore to assume the costs and expenses associated with the defense and adjudication of all DES-related lawsuits and claims asserted or to be asserted against Burroughs Wellcome...." October Order ¶ 1. (emphasis added). Thus, Commercial Union's interpretation is disingenuous because, while it quotes from the Court's opinions, it is not faithful to their intent.[1]
*697 The October Order has already established that Commercial Union has a duty to defend Burroughs Wellcome under the Pre-Revision Policies in all actions where the complaint could be read to permit proof of facts that would establish coverage. See Burroughs Wellcome, supra, 632 F.Supp. at 1220. Therefore, Commercial Union's refusal to defend Burroughs Wellcome was a breach of the contractual duty to defend that it owed plaintiff under the Pre-Revision Policies. Thus, in refusing to reimburse plaintiff for costs already incurred in defending claims which the Court has determined Commercial Union had a duty to defend, Commercial Union is attempting to avoid its contractual obligations under the Pre-Revision Policies.[2]
As a general rule, a breach of the covenant to defend makes the insurer liable to the insured for the reasonable counsel fees and necessary expenses incurred. See, e.g., George Muhlstock v. American Home Assurance Co., 117 A.D.2d 117, 126, 502 N.Y.S.2d 174, 180 (1st Dep't 1986). The obligation to reimburse the insured for expenses and fees incurred runs from the date of the insurer's refusal to accept defense of the action. Sucrest Corp. v. Fisher Governor Co., Inc., 83 Misc.2d 394, 407, 371 N.Y.S.2d 927, 941 (N.Y.Sup.Ct.1975). Such a recovery may properly be the subject of a motion for summary judgment. Sucrest, supra, 83 Misc.2d at 405, 371 N.Y. S.2d at 939.
The Court has already established that Commercial Union's duty to defend Burroughs Wellcome extends to the "costs of defense in every case or claim brought or to be brought against Burroughs Wellcome for damages caused by DES, from the time each case or claim is brought to the time of final adjudication...." October Order ¶ 3. In other words, the October Order established that Commercial Union had a duty to defend Burroughs Wellcome in every DES-related case, regardless of whether the case commenced, and the costs accrued, prior or subsequent to the issuance of the October Order. This duty "of course, includes a duty to reimburse [plaintiff] for defense costs already incurred, as well as the duty to assume [plaintiff's] defense in all pending and future [DES-related] cases." Abex Corp., 790 F.2d at 130 (applying New York law). See also Goldberg v. Lumber Mutual Casualty Insurance Co., 297 N.Y. 148, 154, 77 N.E.2d 131 (1948). Cf. Emons Industries, Inc. v. Liberty Mutual Fire Insurance Co., 481 F.Supp. 1022, 1027 (S.D.N.Y.1979).
Commercial Union has failed to produce sufficient evidence upon which a jury could reasonably sustain its refusal to reimburse Burroughs Wellcome for the defense costs incurred in connection with the DES litigation. Id. The trigger for the duty to defend under the Pre-Revision Policies has already been established by the Court. See Burroughs Wellcome, supra, 632 F.Supp. at 1222. Policy limitations, which Commercial Union asserts preclude summary judgment, are immaterial to the duty to defend. Id. (citations omitted).
Moreover, merely contesting the precise dollar amount of the costs incurred is insufficient to defeat plaintiff's motion *698 for summary judgment. Defendant's claim that issues of fact as to the amount and reasonableness of defense costs allegedly incurred by plaintiff preclude summary judgment, see Defendant's Memorandum at 10, is without merit. While the Court's purpose is not to try issues of fact, "only disputes over facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary judgment." Anderson, supra, 477 U.S. at 248, 106 S.Ct. at 2510; Avondale, supra, 697 F.Supp. at 1318.
While attorneys' fees and expenses incurred by the insured in the defense of an action must be shown to be reasonable to allow a recovery from the insurer, see Luria Bros. & Co. v. Alliance Assurance Co., Ltd., 780 F.2d 1082, 1092 (2d Cir.1986); Stichman v. Michigan Mutual, 220 F.Supp. 848, 854 (S.D.N.Y.1963); Muhlstock, supra, 117 A.D.2d at 126, 502 N.Y.S. 2d at 180, the mere existence of a dispute as to the exact dollar amount of the expenses claimed and its reasonableness should not preclude summary judgment. See Goldberg, supra, 297 N.Y. at 155, 77 N.E.2d 131; Sucrest, supra, 83 Misc.2d at 407, 371 N.Y.S.2d at 942 (granting summary judgment; special referee to hold a hearing on the issue of reasonable counsel fees and necessary expenses incurred). The precise dollar amount of defense costs is immaterial to resolving the question of whether defendant had a duty to reimburse plaintiff for past defense costs.
The Court therefore grants summary judgment on Commercial Union's obligation to reimburse plaintiff for past costs and expenses incurred in the defense of the DES claims. The matter will be referred to a magistrate, pursuant to 28 U.S.C. § 636, for a determination of the actual dollar amount to which plaintiff is entitled. Commercial Union will have the opportunity to establish that under the facts of a particular tort case, it has no duty to defend Burroughs Wellcome.

Settlement Costs
Burroughs Wellcome also contends that it has paid sums to settle certain DES lawsuits and claims which Commercial Union had refused to defend. Burroughs Wellcome seeks reimbursement of these sums as further defense costs, and Commercial Union has rejected this demand.
It is well settled that where an insurer denies coverage, the insured may make a reasonable settlement or compromise of the injured party's claim rather than proceed to trial to determine its legal liability. Luria Bros. & Co. v. Alliance Assurance Co., Ltd., 780 F.2d 1082, 1091 (2d Cir.1986) (citing Bunge Corp. v. London and Overseas Insurance Co., 394 F.2d 496, 497 (2d Cir.), cert. denied, 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968)); Sucrest Corp., supra, 83 Misc.2d at 406, 371 N.Y.S.2d at 940; Rochester Woodcraft Shop, Inc. v. General Accident Fire & Life Assurance Corp., 35 A.D.2d 186, 188, 316 N.Y.S.2d 281, 284 (4th Dep't 1970). See also J. Appleman, 7C Insurance Law and Practice § 4690 at 222 (1979). In order to recover the amount of settlement from the insurer, the insured need not establish actual liability to the parties with whom it settled, "so long as ... a potential liability on the facts known to the [insured is] shown to exist, culminating in a settlement in an amount reasonable in view of the size of possible recovery and degree of probability of claimant's success against the [insured]." Luria, supra, 780 F.2d at 1091 (citing Damanti v. A/S Inger, 314 F.2d 395, 397 (2d Cir.), cert. denied, 375 U.S. 834, 84 S.Ct. 46, 11 L.Ed.2d 64 (1963)). "[A]n insurer cannot by virtue of its own breach escape liability for the reasonable settlement of a covered risk." Servidone Construction Corp., supra, 64 N.Y.2d at 425, 488 N.Y.S. 2d at 142, 477 N.E.2d at 443.
However, the duty to defend is much broader than the duty to indemnify. See Burroughs Wellcome, supra, 632 F.Supp. at 1218. The two obligations are "separate and distinct." Spoor-Lasher Co. v. Aetna Casualty & Surety Co., 39 N.Y.2d 875, 876, 386 N.Y.S.2d 221, 222, 352 N.E.2d 139, 141 (1976). If the Court were to hold the insurer liable to indemnify on the mere "possibility" of coverage perceived from the face of the complaintthe standard applicable to the duty to defendthe Court *699 would enlarge the bargained for coverage as a penalty for breach of the duty to defend. This it cannot do, as it would in essence equate the duty to defend with the duty to indemnify. See Servidone Construction Corp., supra, 64 N.Y.2d at 424, 488 N.Y.S.2d at 142, 477 N.E.2d at 443. The duty to indemnify requires a covered loss not merely the "possibility" of coverage. Id., 64 N.Y.2d at 425, 488 N.Y.S.2d at 143, 477 N.E.2d at 444.
In the present case, the Court has not determined the trigger of the liability policies with respect to the duty to indemnify. Plaintiff contends that coverage of the policies in issue is triggered by exposure to DES, while defendant contends it is triggered by manifestation of a disease or sickness by ingestion or exposure to DES. Burroughs Wellcome, supra, 632 F.Supp. at 1219. For purposes of determining the duty to defend, the Court construed this ambiguity against the insurer. Id.; see also American Home Assurance Co. v. Firestone, 74 A.D.2d 720, 721, 425 N.Y. S.2d 683, 684 (4th Dep't 1980) (cognizant that the duty to defend is broader than the duty to indemnify, ambiguity construed against insurer and in favor of duty to defend). The award of settlement costs is inappropriate, unless and until it is determined that the particular case settled was a covered risk. This decision must await the determination of the trigger of the duty to indemnify under the policies at issue. Accordingly, summary judgment is inappropriate on plaintiff's claim for settlement costs.
Moreover, plaintiff's claim that as it was forced to settle certain DES cases due to Commercial Union's failure to defend it is entitled to indemnification for settlement costs is without merit. See Servidone Construction Corp., supra, 64 N.Y.2d at 424-25, 488 N.Y.S.2d at 142, 477 N.E.2d at 443; Isadore Rosen & Sons, Inc. v. Security Mut. Ins. Co., 31 N.Y.2d 342, 339 N.Y.S. 2d 97, 291 N.E.2d 380 (1972). The Court notes at the outset that the cases cited by plaintiff deal with the refusal of an insurer to indemnify an unapproved settlement. The courts held that the breach of the duty to defend was a waiver of that policy provision. Nevertheless, even if an insured is entitled to indemnification for settlement costs that result from an insurer's unjustified duty to defend, plaintiff in this instance has failed to proffer sufficient evidence to be entitled to recover on a motion for summary judgment.
Plaintiff contends that it was faced with a number of substantial DES-related claims against it, and that due to its insurer's refusal to defend these claims as was provided in the insurance policies it had contracted for, and the potentially pernicious effects of collateral estoppel, Burroughs Wellcome settled several of these claims. Burroughs Wellcome disposed of lawsuits seeking millions of dollars by paying a total of $282,488.48 in settlement costs. See Affidavit of Richard S. Wisner, Esq., sworn to on February 10, 1988, annexed as Exhibit C to Plaintiff's Motion.
However, Burroughs Wellcome has offered no probative evidence demonstrating that it was forced to settle certain DES cases due to Commercial Union's failure to defend. Nor has it offered proof that it was financially strapped at the time that it allegedly made the settlements and, thus, was unable to mount a vigorous defense to the DES claims on its own. Exhorbitant financial exposure and the effects of collateral estoppel are well-known litigation risks which face every defendant, regardless of whether its insurer defends the claim.
Accordingly, plaintiff's motion for summary judgment is denied as to the settlement costs incurred. Further proceedings are required to determine the basis of Burroughs Wellcome's liability to any plaintiffs, as well as the trigger for coverage of the duty to indemnify. This must be determined based on actual facts, not on pleadings. The burden of proof rests with the insurer to demonstrate that the loss comprised by the insured was not within the policy coverage.

CONCLUSION
For the foregoing reasons, plaintiff's motion for partial summary judgment is granted in part, and denied in part. The *700 Court holds that defendant is obligated to reimburse plaintiff for attorneys' fees and expenses incurred prior to the issuance of the October Order, as well as to assume plaintiff's defense in all pending and future DES-related claims. However, defendant is not obligated, at this time, to indemnify plaintiff for settlement costs. The matter shall be referred to a magistrate, pursuant to 28 U.S.C. § 636, for a determination of the actual dollar amount of past defense costs for which defendant is liable.
SO ORDERED.
NOTES
[1] Defendant contends that the October Order relied on the fact that plaintiff there sought only declaratory relief. In its earlier opinion, the Court distinguished Olin Corp. v. Insurance Co. of North America, 603 F.Supp. 445 (S.D.N.Y 1985), as the plaintiff there sought to recover the actual cost it incurred in defending DDT product liability suits. See Burroughs Wellcome, supra, 632 F.Supp. at 1222. The Olin court determined the trigger for the duty to defend but denied summary judgment as there was insufficient evidence to determine whether the injuries occurred during the period of defendant's policy. Olin, supra, 603 F.Supp. at 448. However, subsequent cases have held that the denial of summary judgment in Olin was inconsistent with New York law. See, e.g., Abex Corp. v. Maryland Cas. Co., 790 F.2d 119, 129 n. 44 (D.C.Cir 1986) and cases cited therein; Avondale Industries, Inc. v. Commercial Union Ins. Co., 697 F.Supp. 1314 (S.D.N.Y.1988). In the present motion, the Court has simply reaffirmed and clarified its previous order, which is in accord with accepted New York law, that the duty to defend arises when an insurer fails to establish that no coverage is possible as a matter of law. See Villa Charlotte Bronte, Inc. v. Commercial Union Ins. Co., 64 N.Y.2d 846, 847-48, 487 N.Y. S.2d 314, 315, 476 N.E.2d 640, 641 (1985); Servidone Constr. Corp. v. Security Ins. Co. of Hartford, 64 N.Y.2d 419, 424, 488 N.Y.S.2d 139, 142, 477 N.E.2d 441, 443 (1985); Abex, supra, 790 F.2d at 129.
[2] This obligation to defend continues until Commercial Union establishes that as a matter of law, there is no possibility that it would have to defend Burroughs Wellcome. See Abex, supra, 790 F.2d at 129.