■ FLORENCE HANDELSMAN et al., Respondents, v SEA INSURANCE COMPANY, LTD., et al., Respondents, and ANN SAMOCHWAL, Appellant. [600 NYS2d 761]—In an action for a judgment declaring that the defendant Sea Insurance Company, Ltd., is

obligated to defend and indemnify Thomas Alberino and Dorothy Alberino with respect to an automobile accident which occurred on March 16, 1988, between the plaintiffs' vehicle and the Alberinos' vehicle, the defendant Ann Samochwal, a passenger in the plaintiffs' vehicle, appeals from an order of the Supreme Court, Kings County (Vinik, J.), dated November 2, 1990, which granted the motion of the defendant Sea Insurance Company, Ltd., for summary judgment, denied her cross motion for summary judgment, and declared that Sea Insurance Company, Ltd., is not obligated under the terms and conditions of the policy of insurance issued to the defendant, Robert Alberino, to defend or indemnify the defendants, Dorothy and/or Thomas Alberino, or to pay for bodily injuries or property damages for which the defendants, Dorothy and/or Thomas Alberino, become legally liable as a result of the March 16, 1988, accident involving the defendant Thomas Alberino's operation of a vehicle owned by Dorothy Alberino.

Ordered that the order is affirmed, with costs to the defendant-respondent Sea Insurance Company, Ltd.

The defendant Richard Alberino was the owner of two cars insured by Sea Insurance Company, Ltd. (hereinafter the carrier). His wife, Dorothy Alberino, owned a 1979 Datsun which was insured by a different insurer and which was being driven by their son, Thomas Alberino, when it was involved in an accident with a vehicle owned and operated by the plaintiff Florence Handelsman. The plaintiffs sought to recover damages from the carrier over and above those provided by the insurance company covering Dorothy Alberino's automobile, and commenced this declaratory judgment action against all parties involved in this accident. Thereafter, the carrier moved for summary judgment dismissing the declaratory judgment action, and the defendant Ann Samochwal, a passenger in the Handelsman vehicle, cross-moved for summary judgment against the carrier. The Supreme Court granted the motion, denied the cross motion, and found that the policy issued to Richard Alberino was never written to cover the wife's car or the son's operation of that vehicle.

On appeal, the appellant contends that the language of the policy issued by the carrier to Richard Alberino provided coverage for his wife's car in the first instance and that the carrier's attempt to deny coverage was, in fact, based upon an ambiguously worded exclusionary clause contained in the policy. Therefore, according to the appellant, the carrier was

required to give written notice of disclaimer and, having failed to do so, it is obligated to provide excess coverage. We disagree.

It is well settled that to effectively disclaim liability or deny coverage for death or bodily injury under an automobile liability insurance policy, a carrier must "give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage" (Insurance Law § 3420 [d]; *Blee v State Farm Mut. Auto. Ins. Co.,* 168 AD2d 615). However, "[t]he Legislature did not intend by its use of the words 'deny coverage' to bring within the policy a liability incurred neither by the person insured nor in the vehicle insured, for to do so would be to impose liability upon the carrier for which no premium had ever been received by it and to give no significance whatsoever to the fact that automobile insurance is a contract with a named person as to a specified vehicle" *(Zappone v Home Ins. Co.,* 55 NY2d 131, 135-136).

Contrary to the appellant's contentions, we conclude that it is manifest, by the clear and unambiguous language of the policy, that the wife's car was excluded from coverage in the first instance *(see, Government Empls. Ins. Co. v Kligler,* 42 NY2d 863). Accordingly, the carrier was not required, under Insurance Law § 3420 (d), to send written notice of its denial of coverage, since it never provided any coverage for this particular vehicle *(see, Zappone v Home Ins. Co., supra,* at 138).

We have considered the appellant's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta and Santucci, JJ., concur.

Eiber, J., dissents and votes to reverse the order appealed from, on the law, to deny the motion, grant the cross motion, and to declare that Sea Insurance Company, Ltd., is obligated to defend and, if necessary, indemnify the defendants Dorothy Alberino and Thomas Alberino with respect to the accident which occurred on March 16, 1988, with the following memorandum: I respectfully dissent. The central question posed on this appeal is whether the insurance policy issued by Sea Insurance Company, Ltd. (hereinafter the carrier), to the defendant Robert Alberino also provided insurance coverage for the subject accident to his wife and son. In my view, the broad language contained in the "liability coverage" section of the policy operated, in the first instance, to provide insurance coverage for this accident to Robert Alberino's wife and son. Accordingly, I cannot agree with the majority's conclusion

that the insurance carrier was not required to send a timely disclaimer notice.

The pertinent facts underlying this declaratory judgment action are essentially undisputed. On March 16, 1988, 18-year-old Thomas Alberino was driving a 1979 Datsun owned by his mother, Dorothy Alberino, when he was involved in a head-on collision with a vehicle owned and operated by the plaintiff Florence Handelsman. At the time of the accident, Mrs. Alberino's Datsun was insured under the New York Automobile Assigned Risk Plan by the U.S.A.A. Insurance Company, with policy limits of $10,000/$20,000 for bodily injury. On the date of the accident, Thomas Alberino's father, Robert Alberino, also owned a 1980 Chrysler Cordoba, and a 1978 Cadillac, which were insured by Sea Insurance Company, Ltd., with a liability limit of $300,000 per accident. Although Dorothy and Thomas Alberino's attorney notified Sea Insurance Company, Ltd., in August 1988 that they were claiming "excess" coverage under Robert Alberino's policy, Sea Insurance Company, Ltd., never notified the Alberinos that it was disclaiming coverage for the subject accident under an exclusionary clause of the policy.

In order to resolve the issue of whether Sea Insurance Company, Ltd., was required to disclaim coverage pursuant to Insurance Law § 3420 (d), which requires an insurer to give written notice of disclaimer "as soon as is reasonably possible", we must first determine whether Robert Alberino's policy provided coverage for his wife and son in the first instance. As the majority notes, if no such coverage existed, no disclaimer would be required, for it is axiomatic that the statute was not intended "to provide an added source of indemnification which had never been contracted for and for which no premium had ever been paid" *(Zappone v Home Ins. Co.,* 55 NY2d 131, 137). However, I disagree with the majority's conclusion that the subject policy clearly and unambiguously provided no insurance coverage for Dorothy and Thomas Alberino.

Here, the insurance policy issued to Robert Alberino expressly defines the terms "you" and "your" to encompass both Robert Alberino and his spouse "if resident of the same household". Thus, it is undisputed that when the terms "you" and "your" are used in the policy, they refer to both Robert and Dorothy Alberino. Moreover, the policy also defines the term "family member" to mean "a person related to you by blood, marriage or adoption who is a resident of your household", which, under the facts of this case, would include the

Alberino's teenaged son Thomas. Section A of the policy, entitled "Liability Coverage", further provides that "[w]e [Sea Insurance Company, Ltd.] will pay damages for 'bodily injury' or 'property damage' for which any 'insured' becomes legally responsible because of an auto accident". The following subsection of the policy then states that:

"B. 'Insured' as used in this Part means:

"1. *You or any 'family member'* for the ownership, maintenance or use of any auto or 'trailer'.

"2. Any person using 'your covered auto'.

"3. For 'your covered auto', any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

"4. *For any auto* or 'trailer,' *other than 'your covered auto,'* *any other person or organization* but only with respect to legal responsibilities for acts or omissions of you and any 'family member' for whom coverage is afforded under this Part. *This provision (B.4.) applies only if the person or organization does not own or hire the auto* or 'trailer' " (emphasis supplied).

Since the policy obligates Sea Insurance Company, Ltd. to pay damages for which "any insured" becomes liable, and since "insured" is expressly defined, by provision B.1., to include the policyholder's spouse and child *"for the ownership, maintenance or use of any auto"*, the policy, by its very terms, extends insurance coverage to Dorothy and Thomas Alberino for the subject accident. In finding to the contrary, the majority apparently concludes that despite the fact that provision B.1. of the policy extends coverage to the policyholder's spouse and to his son Thomas as a "family member", the exclusionary language of provision B.4. *(i.e.,* "[t]his provision * * * applies only if the person or organization does not own or hire the auto"), makes clear that such coverage is not provided to a vehicle owned by the policyholder's spouse. However, at best, provision B.4. of the policy is ambiguous, since it is unclear whether this provision was intended to define a separate and distinct category of "insured" persons, or whether it was intended to qualify the definition of "insured" contained in the provisions which precede it. Moreover, it is unclear from the language of the provision whether B.4. was intended to exclude from coverage only those vehicles owned by "any other person or organization", or whether the provision was also intended to apply to vehicles owned by the policyholder's spouse and family members, who are included in the definition of "insured" by provision B.1.

It is settled law that "policies of insurance are to be construed liberally in favor of the insured" *(Government Empls. Ins. Co. v Kligler,* 42 NY2d 863, 864), and "ambiguities, if any, are to be resolved in the insured's favor and against the insurer" *(United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229, 232). Further, where, as here, one provision of the policy expressly extends coverage to the policyholder's spouse and family member "for the ownership maintenance or use of any auto", and where a subsequent clause (B.4.) creates an ambiguity as to this coverage, "such must be resolved against the insurer * * * [i]f an insurance policy or a clause thereof is reasonably susceptible of two different constructions, the one most favorable to the insured must be adopted" *(Levinson v Aetna Cas. & Sur. Co.,* 42 AD2d 811, 812). Resolving the ambiguities which the policy created when defining the term "insured" in favor of the policyholder, I cannot conclude that the policy, in the first instance, provides no coverage for the accident which occurred when the policyholder's son was driving his mother's car.

Although there are some factual similarities between the case at bar and *Government Empls. Ins. Co. v Kligler (supra),* upon which the majority relies, the cases are distinguishable. In *Government Empls. Ins. Co. v Kligler (supra),* the subject policy afforded coverage to the named insured and his wife in the event of an accident involving the vehicle designated in the policy, or, in certain instances, a temporary substitute vehicle or a "non-owned" vehicle. As the phrase suggests, "non-owned" vehicle was defined to mean any automobile, other than a temporary substitute automobile, not owned by the named insured and his spouse. Since the vehicle involved in the subject accident was owned by the named insured's wife, the Court of Appeals found that the wife's car did not qualify as a non-owned vehicle, and concluded that it was thus "manifest that the wife's car was excluded from coverage by the clear and unambiguous language of the policy" *(Government Empls. Ins. Co. v Kligler, supra,* at 865).

Since the policy at issue in *Government Empls. Ins. Co. v Kligler (supra)* did not, by definition, extend to any uncovered vehicle owned by the insured or his wife, it was clear that the insurance policy in that case excluded coverage of the wife's vehicle from the outset. In contrast, here the subject policy issued by Sea Insurance Company, Ltd. expressly extended coverage in the first instance to the insured's wife and family member for the use of *any* automobile. While the exclusionary language contained provision B.4. could be interpreted to limit

the broad language of provision B.1., since provision B.4. is poorly drafted, I cannot agree that in this case, the wife's car was excluded from coverage by the clear and unambiguous terms of the policy.

Although the Legislature, in enacting Insurance Law § 3420 (d), did not intend that an insurer be required to give written notice of disclaimer where there was never any insurance in effect for the party claiming coverage, the statute does apply to situations in which "a policy of insurance that would otherwise cover the particular accident is claimed not to cover it because of an exclusion in the policy" *(Zappone v Home Ins. Co., supra,* at 138). Since the policy at issue in this case did provide coverage for this accident in the first instance, Sea Insurance Company, Ltd., was obligated to send a timely written notice of disclaimer based upon the alleged exclusionary language contained in provision B.4. Sea Insurance Company, Ltd., however, issued no such disclaimer, and, consequently, I find that it should be obligated to provide excess coverage for the accident which occurred on March 16, 1988.