■ BARBARA SMEDES, Individually and as Parent of JEAN A. SMEDES, an Infant, Appellant, v LIBERTY MUTUAL INSURANCE COMPANY, Respondent. [615 NYS2d 138] —Mercure, J. Appeal from an order of the Supreme Court (Torraca, J.), entered July 13, 1993 in Ulster County, which, *inter alia,* granted defendant's cross motion for summary judgment dismissing the complaint.

On February 18, 1989, Jean A. Smedes, an infant, was injured when an automobile operated by Mary Crispell and

owned by Lawrence Crispell left the road and struck a utility pole. The Crispell vehicle was insured by State Farm Insurance Company, which provided primary coverage for the accident. Mary Crispell is related to and at the time of the accident lived with Edith Crispell, who had in effect a policy of automobile insurance issued by defendant, which plaintiff claims affords excess coverage for the accident. It is defendant's position, however, that the policy provides no coverage because the noncovered vehicle driven by Mary Crispell at the time of the accident was furnished or available for her regular use, thus falling within a policy exclusion. It is undisputed that defendant received notice of the accident and plaintiff's claim for excess coverage as early as December 18, 1989 and that, if required, its July 1, 1991 notice of disclaimer was untimely under Insurance Law § 3420 (d), which requires written notice of disclaimer "as soon as is reasonably possible". Plaintiff subsequently commenced this action for a declaration that defendant was required to provide coverage pursuant to its policy issued to Edith Crispell. At issue is whether, as contended by defendant, no disclaimer was required because Lawrence Crispell's automobile was not covered by the policy in the first instance. Agreeing with defendant, Supreme Court granted summary judgment in its favor and dismissed the complaint. Plaintiff now appeals.

We affirm. We agree with defendant that this case is controlled by *Zappone v Home Ins. Co.* (55 NY2d 131, 135-136) where, construing Insurance Law former § 167 (8) (now Insurance Law § 3420 [d]), the Court of Appeals concluded that "the Legislature did not intend * * * to bring within the policy a liability incurred neither by the person insured nor in the vehicle insured, for to do so would be to impose liability upon the carrier for which no premium had ever been received by it and to give no significance whatsoever to the fact that automobile insurance is a contract with a named person as to a specified vehicle". Here, the vehicle involved in the accident was not covered by the policy issued by defendant and, although there is no dispute that Mary Crispell was a "family member" and, thus, included as an insured under the policy, she was not a named insured and had no contractual relationship with defendant. As such, we are dealing with noncoverage not " 'by reason of exclusion' " but "by reason of 'lack of inclusion' " *(supra,* at 137), and defendant was not required to give notice of disclaimer *(see, supra,* at 137; *Handelsman v Sea Ins. Co.,* 196 AD2d 481, *lv granted* 83 NY2d 752; *Liberty Mut. Ins. Co. v Aetna Cas. & Sur. Co.,* 168 AD2d 121, 140-141;

*Schmidt v Prudential Ins. Co.,* 143 AD2d 997, *lv denied* 73 NY2d 710; *cf., Greater N. Y. Mut. Ins. Co. v Clark,* 205 AD2d 857; *Progressive Cas. Ins. Co. v Conklin,* 123 AD2d 6).

Cardona, P. J., Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.