# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**911**

**CA 11-00508**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, GREEN, AND GORSKI, JJ.

---

JOHN VISCOSI AND GEORGINA VISCOSI,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

PREFERRED MUTUAL INSURANCE COMPANY,
DEFENDANT-APPELLANT.

---

O'SHEA MCDONALD & STEVENS, LLP, ROME (TIMOTHY BRIAN O'SHEA OF
COUNSEL), FOR DEFENDANT-APPELLANT.

GUSTAVE J. DETRAGLIA, JR., UTICA, FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered September 2, 2010. The order, insofar as appealed from, denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, defendant's motion is granted and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for an alleged breach of an insurance policy issued by defendant. We note at the outset that, although defendant purports to appeal from "each and every part" of the order, it is not aggrieved by that part of the order denying plaintiffs' cross motion for summary judgment on the complaint and thus may not appeal therefrom (*see* CPLR 5511). We agree with defendant that Supreme Court erred in denying its motion for summary judgment dismissing the complaint (*see generally Government Empls. Ins. Co. v Kligler*, 42 NY2d 863, 864), and we therefore reverse the order insofar as appealed from.

The policy excluded coverage for loss "to the inside of a building or the property contained in a building caused by rain, snow, [or] sleet . . . unless the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, [or] sleet . . . enters through [that] opening . . . ." In support of its motion, defendant submitted the deposition testimony of plaintiff John Viscosi in which he testified that the damage at issue was caused by water "that had seeped" into the ceiling of several rooms in the covered premises, and he specifically denied that either wind or hail created an opening in the building. We also agree with defendant that the ceiling did not collapse within the meaning of the policy, which

specifically states that "any part of a building that is standing is not considered to be in a state of collapse even if it shows evidence of cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion."  Here, the record establishes that the ceiling did not "abrubt[ly] fall[] down or cav[e] in" but, rather, the ceiling was noticeably bowed for several months before plaintiffs had it demolished.  In light of our determination, defendant's remaining contentions are academic.

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court